GEORGE MILLER, Respondent, *v.* JOHN KING and JOHN G. McCUL- LOCH, as Receivers of THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellants.

88 181
21ap193
21ap197
88 181
32ap391

88h 181
p 76 AD 309

*Common carriers — passenger removed from a train — damages where the removal was not unlawful.*

Upon the trial of an action brought against a railroad company by a party alleg- ing that he was wrongfully ejected from a train, the court ruled that the act of the company was not unlawful. No special damages were alleged or proved.
*Held,* that the action was to be treated as one for a breach of contract; that the plaintiff was entitled to recover only the reasonable expense of procuring a conveyance from the place where he was ejected to his destination, and that a verdict for $100 damages was excessive.

MOTION for the reargument of an appeal by the defendants, John King and another, as receivers of the New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 20th day of September, 1894, upon the verdict of a jury for $100 rendered after a trial at the Orange Circuit, and also from an order made on the 18th day of June, 1894,

and entered in said clerk's office, denying their motion for a new trial made upon the minutes.

*Lewis E. Carr* and *W. A. Parshall*, for the appellants.

*John W. Lyon*, for the respondent.

BROWN, P. J.:

The motion for a reargument in this case must be granted. The case was tried at the Circuit solely upon the theory of a breach of contract. The court ruled that the ejectment of the plaintiff from the train was not unlawful. On appeal, this court apparently overlooked that ruling and sustained the judgment on the ground that "the conductor had no right to eject the plaintiff, and his action in doing so, was unlawful."

The plaintiff should not be permitted to sustain his judgment on a different theory than that upon which it was recovered at the trial.

Treating the action as one for breach of contract, the damages were excessive. No special damages were alleged or proven. The plaintiff was entitled to actual damages only, and that limited his right to recover to the reasonable expense of procuring a conveyance from the place where he was ejected to his destination. (*Hobbs* v. *London & South Western Ry. Co.*, L. R. [10 Q. B.] 111; *Francis* v. *St. Louis Transfer Co.*, 5 Mo. App. 7; *Indianapolis, Bloomington & Western Ry. Co.* v. *Birney*, 71 Ill. 391; *Fink* v. *Albany & Susquehanna R. R. Co.*, 4 Lans. 147–158.)

As the plaintiff was only a short distance from his destination when ejected from the train and chose to walk there instead of hiring a conveyance, and suffered no injury or loss from so doing, it is very doubtful whether he is entitled to more than nominal damages.

The motion must be granted, with costs to abide the event.

DYKMAN, J., concurred.

Motion for reargument granted, with costs to abide the event.