### MILLER v. KING et al.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

CARRYING PASSENGER BEYOND DESTINATION—EVIDENCE.

> In an action by a passenger against a railroad company to recover damages for the latter's breach of a contract to carry him to a certain station, in that it took him to a station a few miles distant therefrom, the exclusion of the testimony of a livery stable man, engaged in transporting passengers between those stations, as to the amount of the regular charge for such transportation, constitutes error, and requires the reversal of a judgment entered upon a verdict for an amount larger than might have been warranted if the expense of plaintiff's getting to his destination by carriage had been allowed to be thus shown.
>
> Goodrich, P. J., dissenting.

Appeal from trial term, Orange county.

Action by George Miller against John King and John G. McCullough, as receivers of the New York, Lake Erie & Western Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry Bacon, for appellants.
John W. Lyon, for respondent.

PER CURIAM. This case has been tried upon the theory approved by the appellate division on the second appeal. Miller v. King, 21 App. Div. 192, 47 N. Y. Supp. 534. Unfortunately, however, an error has been committed in the exclusion of evidence offered by the defendants upon the question of damages, which compels us to reverse the judgment. It will be remembered that the contract of the defendants was to furnish the plaintiff with railroad transportation from Middletown to Sparrow Bush, whereas they left him at Port Jervis,—a place some three miles distant from his destination. The defendants called as a witness a livery stable man, resident in Port Jervis, whose business included the conveyance of persons from Port Jervis to Sparrow Bush. This witness was asked what was the regular charge for the transportation of a passenger between these two places, and an objection to the question was sustained by the court, to which ruling an exception was duly taken. The defendants were thus prevented from giving evidence which was plainly designed to show that the plaintiff could have procured a vehicle to take him from Port Jervis to Sparrow Bush at an expense which was trifling, compared to the amount demanded in his complaint. We think the defendants were entitled to prove this fact. It may be that it would not have reduced the verdict; but, on the other hand, if the jury had been informed that transportation could readily have been obtained at an expense of a few dollars, it may be that the verdict would have been very much less than the amount to which it was reduced by the learned trial judge.

For this error the judgment and order appealed from must be reversed, and a new trial granted; costs to abide the event. All concur, except GOODRICH. P. J., dissenting.

GOODRICH, P. J. (dissenting). This action is not unfamiliar to the court. It has been argued before this tribunal, or its predecessor, the general term, on five different occasions. It is unnecessary to refer to any of the reports, except the one which appears in 21 App. Div. 192, 47 N. Y. Supp. 534, where the facts fully appear, and where the court laid down the doctrine that the action, as its theory was presented and insisted upon by the plaintiff's counsel, was an action for the breach of a contract made by the defendants, as receivers of the New York, Lake Erie & Western Railroad Company, to transport the plaintiff from Middletown to Sparrow Bush, upon an ordinary railroad ticket. The rule laid down by the court was that the plaintiff, on the facts which appeared by the record, was entitled to recover damages for a breach of the contract, and that he was not necessarily limited to nominal damages. In this particular the court overruled the previous decision, in 88 Hun, 181, 34 N. Y. Supp. 425. The counsel for the defendants states in his points that "precisely the same facts" were presented to the jury on this trial which were presented on the former trial. The trial justice, following the rule of damages laid down by us, instructed the jury that, if they found for the plaintiff, they were to find his actual damages, which need not necessarily be limited to nominal damages. The jury found a verdict for $500. The defendants moved to set this aside, on the ground, among others,

that it was for excessive damages; and the court reduced the verdict to $50, upon which the judgment was entered from which this appeal is taken. The defendants' counsel also contends that:

"Upon precisely the same state of facts as disclosed by this record, this court held that the verdict for $100 in favor of this plaintiff was excessive, and sent the case back for a new trial. The verdict rendered by the jury for $500 was so excessive that it should have been set aside, because the amount indicated that the jury were controlled by passion and prejudice."

I cannot so regard it. The verdict on the first trial was for $100, and from the report of the case it does not appear that the verdict was attacked on the ground that it resulted from passion or prejudice, but that, treating the action as one for breach of contract, it was excessive. But this court practically disapproved of that decision on the last appeal, and laid down the rule that the plaintiff was not necessarily limited to nominal damages. The trial justice, in the exercise of a power which we have recently and distinctly approved (Branagan v. Railroad Co., 28 App. Div. 461, 51 N. Y. Supp. 112), reduced the verdict to a sum which was justified by the evidence, and merely sufficient to carry the costs of the litigation; and, if the action of the jury was the result of passion and prejudice, such result has been fairly corrected. I do not regard the verdict, as reduced, as excessive, under the circumstances disclosed by the evidence. I think the judgment should be affirmed.