GEORGE MILLER, Respondent, *v.* JOHN KING et al., as Receivers of the NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellants.

1. RAILROAD — BREACH OF CONTRACT OF CARRIAGE — WHEN CHARGE TO JURY MUST BE CONSIDERED AS A WHOLE. Upon the trial of an action against a railroad company to recover damages for breach of a contract of carriage in which it appeared that, through the mistake of a station agent, the plaintiff boarded a train which did not stop at the place indicated by his ticket, and that the conductor, upon discovering the mistake, stopped the train and ordered plaintiff to leave it, which he did, a charge that "if there had been any circumstance of unnecessary humiliation or indignity, it would be an item of damage," is not erroneous where, from other portions of the charge, it appears th t the expression was used for the purpose of differentiating cases of the character alluded to from the case at bar.

2. WHEN REQUEST TO CHARGE TOO GENERAL. A request to charge that plaintiff's damages were limited to the cost of procuring transporta tion from the place he left the train to the place indicated by his ticket may refer to transportation by railroad or by other means and is properly refused as too general in its terms.

*Miller* v. *King,* 40 App. Div. 618, affirmed.

(Argued March 28, 1901; decided April 4, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 22, 1899, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

This action was brought to recover damages against a railroad company for a breach of contract of carriage; it appeared on the trial that the plaintiff, after being informed by one of defendant's ticket agents that a certain train stopped ·at a station to which he desired to go, purchased a ticket and boarded the train; that the ticket was thereafter examined, punched and returned by a conductor who left the train at an intermediate station, another conductor taking his place, who upon examining plaintiff's ticket informed him that the train did not stop at the station named and that he must get off; that the train being stopped, plaintiff alighted and was compelled to walk a distance of three miles over muddy roads to his place of destination. (Reported below on previous appeals, 84 Hun, 308; 88 Hun, 181; 21 App. Div. 192; 32 App. Div. 389.)

*Henry Bacon* and *Joseph Merritt* for appellants. This action being one upon contract plaintiff was not entitled to recover anything beyond his actual loss by reason of the breach of contract. (Sedg. on Dam. [7th ed.] 443·; *Shannon v. Comstock,* 21 Wend. 457; *Finn* v. *A. & S. R. R. Co.,* 4 Lans. 147; *Duche* v. *Wilson,* 37 Hun, 519; *Childs* v. *N. Y., O. & W. Ry. Co.,* 77 Hun, 539; *Miller* v. *King,* 88 Hun, 181; *Eureka Co.* v. *Windsor Co.,* 20 Alb. L. J. 353; *Humaston* v. *Beekman,* 20 Wkly. Dig. 238; *Hobbs* v. *L., etc., R. Co.,* L. R. [10 Q. B.] 111; *Frances* v. *S. L., etc., R. Co.,* 5 Mo. App. 7.) As there was neither allegation nor proof of any special damage, the damages which the plaintiff was entitled to recover were limited to the actual value of the unperformed part of the contract, to wit,, the transportation from Port Jervis to Sparrowbush. (*Parsons* v. *Sutton,* 66 N. Y. 92.)

*John W. Lyon* for respondent. Although the action was tried upon the theory of a breach of contract, the plaintiff is not confined to the damages to which he was subjected to obtain a conveyance to transport him the remainder of his journey. (*P. P. C. Co.* v. *King,* 99 Fed. Rep. 380; *Hobbs* v. *L. & S. & W. R. Ry. Co.,* L. R. [10 Q. B.] 111; *C., H. & I. R. R. Co.* v. *Eaton,* 94 Ind. 474; *Capping* v. *Brithwaite,* 8 Jur. 875; *Hamilton* v. *T. Ave. R. R. Co.,* 53 N. Y. 25; *Cunningham* v. *S. R. R. Co.,* 3 Wash. 471; *Boston* v. *C. R. R. Co.,* 36 W. Va. 318; *Ray* v. *C. & H. Traction Co.,* 19 App. Div. 530.)

WERNER, J. The record presented upon this appeal renders it unnecessary to review the history of the protracted litigation which has resulted in five trials and as many appeals. It is evident that the action was commenced and first tried upon the theory that the plaintiff was wrongfully ejected from one of the trains of the railroad company represented by the defendants as receivers, and claimed to be entitled to recover not merely the damages for the breach of the contract of carriage, but compensatory damages predicated upon the alleged indignity and inconvenience to which the plaintiff claimed to have been subjected. Without following in detail the evolution from this theory to the one adopted upon the last trial, it is sufficient to say that as the case now stands it presents simply the question of damages for breach of the contract of carriage which existed between the plaintiff and the New York, Lake Erie and Western Railroad Company. The case was submitted to the jury upon a charge entirely consistent with this theory. The plaintiff recovered a verdict for two hundred dollars. Upon a motion by the defendants to set aside this verdict as excessive, that relief was granted, unless the plaintiff should stipulate to reduce the recovery to fifty dollars, in which event the motion was denied. Such a stipulation was made by the plaintiff and the judgment entered thereon was unanimously affirmed by the Appellate Division.

Under these circumstances, and in the absence of good exceptions to the reception or exclusion of evidence, nothing

survives the unanimous affirmance, except the questions which arise upon the charge to the jury. The defendants excepted to the suggestion of the trial judge in his charge to the jury that "if there had been any circumstance of unnecessary humiliation or indignity, it would be an item of damage." We do not think that this furnished good ground for exception. The statement referred to must be read in connection with the context of the charge. The learned trial justice seems to have used this expression for the purpose of differentiating cases of the character alluded to from the case at bar. The concluding portion of the sentence, a part of which has been quoted, contains these words: "But I do not see where there was anything in the act of the conductor other than that required of him by the rules of the company and his performance of his duty." And just before this the justice had said: "The conductor stopped his train in the Port Jervis yard and allowed the plaintiff to get off. He did not take hold of him; he did not use any force, and I do not understand that he was subjected to any humiliation or indignity."

The only remaining question arises upon defendants' exception to the court's refusal to charge "that the plaintiff in this case is limited, if they find that there was such a contract, to the cost of procuring transportation from Port Jervis to Sparrowbush." This request was too general in its terms. It may have referred to transportation by railroad or by other means; we are not advised which. As this suggestion disposes of the exception, it is not necessary to discuss other grounds of alleged insufficiency.

None of the exceptions to rulings on the admission or exclusion of evidence are discussed by the learned counsel for the appellants; nor are any of them sufficient to require or justify a reversal of the judgment herein.

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT and LANDON, JJ., concur; CULLEN, J., not sitting.

Judgment affirmed.