JOSEPH ROSE, Appellant, *v.* JOHN KING and JOHN G. McCULLOUGH, as Receivers of THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Respondents.

*Failure of a railroad train to stop at a station for which a ticket was sold — measure of damages of a passenger obliged to walk to his destination.*

A person who had purchased a railroad ticket boarded a train, which the station agent, who sold him the ticket represented would stop at his destination. When the train had reached a station three miles from his destination the con-ductor of the train informed him that it would not stop at that place and that he would have to get off. He thereupon alighted from the train without inter-ference and without injury and walked to his destination.

In an action brought against the railroad company to recover damages for his
ejection, it was

*Held,* that the measure of damages recoverable by the plaintiff was the expense
of procuring a conveyance by the most feasible and reasonable way, from the
point where he had been ejected from the train to his destination, and that, as
it appeared that such expense would not exceed one dollar, the court was justi-
fied in setting aside a verdict for seventy-six dollars unless the plaintiff would
stipulate to reduce it to the sum of two dollars.

APPEAL by the plaintiff, Joseph Rose, from an order of the
Supreme Court, made at the Orange Trial Term and entered in
the office of the clerk of the county of Orange on the 13th day of
January, 1902, setting aside a verdict for seventy-six dollars rendered
by the jury in favor of the plaintiff, and granting a new trial of the
action unless the plaintiff should stipulate to reduce the verdict to
the sum of two dollars.

The action was brought to recover damages for the ejection of
the plaintiff from a railroad train operated by the defendants.

The contention of the plaintiff is that he went to the defendants'
station at Middletown and purchased his ticket for Sparrow Bush,
and that he boarded the train which the station agent said would
stop at Sparrow Bush; that when the train reached Port Jervis the
conductor informed him that it would not stop at Sparrow Bush,
and that he would have to get off. The plaintiff thereupon alighted
from the train without interference and without injury and walked
to Sparrow Bush, a distance of three miles.

*Frank Lybolt* [*John W. Lyon* with him on the brief], for the
appellant.

*Henry Bacon* [*Joseph Merritt* with him on the brief], for the
respondents.

PER CURIAM:

This case in its facts is in all respects similar to *Miller* v. *King,*
which was before the General Term and the Appellate Division six
times and the Court of Appeals once, and has been reported five
times in all. (84 Hun, 309; 88 id. 181; 21 App. Div. 192; 32 id.
389; 166 N. Y. 394.)

The only question presented on this appeal relates to the measure
of damages. The learned trial judge instructed the jury that,

assuming the contract of carriage between the railroad company and the plaintiff to have been broken, the receivers must make the plaintiff whole for the expense of going from his point of departure to his destination, and that expense was what it would cost him to get there in the most feasible and reasonable way. We think that this was a correct statement of the rule applicable to the facts of the case, and was not subject to the criticism of indefiniteness which was applied by the Court of Appeals to the request in *Miller* v. *King* (166 N. Y. 394). The evidence showed beyond all doubt that the plaintiff could have procured a conveyance to his destination by the expenditure of a sum not exceeding one dollar, and, hence, the trial court was fully justified in enforcing the measure of damages which it had laid down in instructing the jury by granting a new trial, unless the plaintiff stipulated to reduce the award from seventy-six dollars, for which there was no warrant in the evidence, to the sum of two dollars, which certainly covered all possible actual damage sustained by the plaintiff. No special damages whatever were asked for in the complaint, nor were there any circumstances of humiliation or indignity which called for consideration by the jury.

It seems to us, therefore, that the order below was right, and should be affirmed.

All concurred.

Order affirmed, with costs.