### ROSE v. KING et al.

(Supreme Court, Appellate Division, Second Department.  November 14, 1902.)

1. RAILROADS—CARRIAGE OF PASSENGERS—BREACH OF CONTRACT—MEASURE OF DAMAGES.

The measure of damages for breach by a railroad company of a contract of carriage made with a passenger, the complaint not having asked for special damages, and no circumstances of humility or indignity having been shown, is merely what it would cost the passenger to get from the point of departure to his destination in the most feasible and reasonable way.

2. SAME—REDUCTION OF AWARD FOR DAMAGES—POWER OF TRIAL COURT.

Where the jury, in an action against a railroad company, found for the plaintiff in the sum of $76 for breach of a contract of carriage, when he could have procured conveyance to his destination by the expenditure of not exceeding $1, the trial court was justified in setting aside the verdict and granting a new trial, unless plaintiff stipulated to reduce the award to $2.

Appeal from trial term, Orange county.

Action by Joseph Rose against John King and John G. McCullough, as receivers of the New York, Lake Erie & Western Railroad Company, to recover damages for breach of the contract of carriage

,between the company and plaintiff. Verdict for plaintiff for $76, and from an order setting aside the same and granting a new trial, unless plaintiff stipulated to reduce the verdict to the sum of $2, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Frank Lybolt (John W. Lyon, on the brief), for appellant.

Henry Bacon (Joseph Merritt, on the brief), for respondents.

PER CURIAM. This case in its facts is in all respects similar to Miller v. King, which was before the general term and the appellate division six times, and the court of appeals once, and has been reported five times in all. 84 Hun, 309, 32 N. Y. Supp. 332; 88 Hun, 181, 34 N. Y. Supp. 425; 21 App. Div. 192, 47 N. Y. Supp. 534; 32 App. Div. 389, 53 N. Y. Supp. 123; 166 N. Y. 394, 59 N. E. 1114.

The only question presented on this appeal relates to the measure of damages. The learned trial judge instructed the jury that, assuming the contract of carriage between the railroad company and the plaintiff to have been broken, the receivers must make the plaintiff whole for the expense of going from his point of departure to his destination, and that that expense was what it would cost him to get there in the most feasible and reasonable way. We think that this was a correct statement of the rule applicable to the facts of the case, and was not subject to the criticism of indefiniteness which was applied by the court of appeals to the request in Miller v. King, 166 N. Y. 394, 59 N. E. 1114. The evidence showed beyond all doubt that the plaintiff could have procured the conveyance to his destination by the expenditure of a sum not exceeding $1, and hence the trial court was fully justified in enforcing the measure of damages which it had laid down in instructing the jury by granting a new trial unless the plaintiff stipulated to reduce the award from $76, for which there was no warrant in the evidence, to the sum of $2, which certainly covered all possible actual damage sustained by the plaintiff. No special damages whatever were asked for in the complaint, nor were there any circumstances of humiliation or indignity which called for consideration by the jury.

It seems to us, therefore, that the order below was right, and should be affirmed.

Order affirmed, with costs.