**(89 App. Div. 457.)**

### MILLER v. BALTIMORE & O. R. CO.

(Supreme Court, Appellate Division, Second Department, December 30, 1903.)

1. CARRIERS—CONTRACTS—BREACH—DAMAGES—RIGHTS OF HUSBAND.

Where a husband contracted with a carrier for through transportation for himself and wife between two points, and the carrier broke the contract by compelling the husband and wife to change at an intermediate point and wait several hours for another train, whereupon the husband contracted with another carrier for immediate transportation for the balance of the trip, the husband was entitled to recover the amount paid for his wife's transportation from the intermediate point to destination, though the wife was not a party to the action, and her claim was not assigned to the husband.

2. SAME—ELEMENTS OF DAMAGE—DISAPPOINTMENT AND ANNOYANCE.

Where plaintiff contracted with a carrier for continuous transportation to destination, but the carrier broke the contract, and plaintiff was compelled to obtain other transportation from an intermediate point to destination, he was not entitled to recover damages for mere inconvenience, annoyance, and delay, in the absence of proof of actual physical or mental injury.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Charles C. Miller against the Baltimore & Ohio Railroad Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed on condition.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Richard Reid Rogers, for appellant.

Charles Coleman Miller, for respondent.

HOOKER, J. The plaintiff made a special contract with the defendant, as a common carrier, to transport himself and his wife to New York in a certain express train, which the defendant agreed should go through from Cumberland, Md., to the city of New York, without change. The plaintiff bought two tickets from Cumberland to New York, at the price demanded—one for himself and the other for his wife—and they became passengers on the train. Upon reaching Philadelphia the defendant refused to continue the trip further, and announced to the plaintiff that he would have to wait over in that city three or four hours for another and distinct train. The train on which the plaintiff and his wife were passengers was scheduled to reach the city of New York at 10:40 p. m. In order to reach his destination at a time earlier than that scheduled for the arrival of the later train, he took passage over another railroad from the city of Philadelphia, and arrived in New York about 1 o'clock in the morning. In the Municipal Court of the city of New York he sued the defendant for breach of contract to carry, and claimed to recover $5 for the two tickets he had purchased over the other railroad from Philadelphia to New York, and $50 for inconvenience, annoyance, and delay. In the lower court he had a recovery of $50, besides costs, and from the judgment in his favor the defendant appeals.

¶ 2. See Carriers, vol. 9, Cent. Dig. § 1082.

The appellant contends that the respondent was not entitled to recover $2.50, the money he paid for his wife's fare from Philadelphia onward, especially as the wife was not a party to the action, and her claim was not assigned. We do not think that this position is tenable. The husband's social and legal obligation is to support the wife—pay for her living as well as traveling and other incidental expenses, especially when he is accompanied by her. He purchased the original tickets from Cumberland to New York, and it is undisputed that he paid for them himself. If the appellant has, by its breach of the contract, rendered it necessary for other moneys to be paid in her behalf, and the husband, still accompanied by the wife in their travel, pays additional moneys for her for the purpose of bringing them to their destination, we can see no logical reason why the plaintiff is not entitled, as a part of his measure of damages, to recover the amount of his expenditure for her.

The appellant also insists that no damages are recoverable for inconvenience, annoyance, and delay; and, in the state of the record, we believe that contention is sound. Sedgwick, in his work on Damages (section 42), says:

"Damages will not be given for mere inconvenience and annoyance, such as are felt at every disappointment of one's expectations, if there is no actual physical or mental injury. Thus, where the plaintiff was delayed on the defendant's railway, and was obliged to remain overnight in a place distant from his destination, it was held that he could recover only the cost of his night's lodging, not his disappointment and annoyance on account of the delay."

Here the plaintiff had contracted to be taken through the city of Philadelphia direct to New York in the train upon which he started. The defendant failed to fulfill its contract, and plaintiff elected to proceed by another railroad, reasonably anticipating to reach his home before the defendant would bring him there. To effectuate this, he was compelled to travel across part of the city of Philadelphia to the railroad station of the other railroad, and he was brought to the city of New York several hours later than he expected to be put down there by the train he first rode upon. No evidence, however, appears in the record that he has suffered any pecuniary loss, except the $5 which he was compelled to pay for his additional tickets, and there appears no financial loss for which compensation can be given to him by way of damages.

It has been said that:

"Damages for breach of contract are by way of compensation, and not punishment. Hence a plaintiff can never recover more than such pecuniary loss as he has sustained." Huffcut (Am. Ed.), Anson on Contracts, p. 377.

This is the elementary proposition governing the award of damages in actions for breach of contract, and we are not aware that it has ever been extended to cover a case similar to the one presented by the record before us. Had the plaintiff suffered pecuniary loss by reason of his delayed arrival in New York City, or had he suffered actual physical injury, fairly to be anticipated by the breach of defendant's contract, a different case would have been presented.

The respondent directs our attention to an expression contained in

the opinion of Cullen, J., in Miller v. King, 21 App. Div. 192, 194, 47 N. Y. Supp. 534, 536, and claims this to be an authority entitling him to recover damages for the inconvenience and annoyance he suffered. It was there decided that where a passenger for Sparrowbush had boarded the wrong train through the fault of agents of the railroad company, as a result of which he was compelled to leave the train at a point distant from his destination some three miles, and where, on a wet day, with muddy roads, he walked that distance, the action was for breach of the contract, and a submission of the case to the jury on the theory that plaintiff had suffered a tortious eviction from the train was error. In the course of that opinion the court said:

"The complaint and proof, however, were sufficient to authorize the jury in finding a breach of the defendants' contract to carry, and the plaintiff was entitled to recover damages for that breach. We do not think he was necessarily limited to nominal damages."

Upon this latter sentence the respondent predicates authority to sustain his recovery for annoyance, inconvenience, and delay. While it was there held that more than nominal damages might be recovered, the court did not mean to adopt the rule that the damages were not limited to the expenses to which the plaintiff was put to get to his destination. These might be a large or small sum, varying according to the distance the plaintiff traveled, and the particular circumstances under which the contract was broken. Such damages must be deemed substantial, inasmuch as they must always be sufficient to make good to the plaintiff the pecuniary loss which he has actually suffered by reason of the defendant's failure to execute its agreement. We cannot believe that the expression is authority to sustain the judgment from which this appeal is taken.

The respondent also calls our attention to the case of Hamilton v. Third Avenue Railroad Co., 53 N. Y. 25, and invites consideration of the words in the opinion:

"The act, nevertheless, was unlawful, and, being so, the plaintiff had a right to compensatory damages therefor. These included not only compensation for the loss of time and the amount the plaintiff was obliged to pay for passage upon another car, but, in addition thereto, the injury done to his feelings might be taken into consideration by the jury, and a suitable recompense given therefor."

That action, however, was not for breach of contract, but was brought to recover damages for an alleged unlawful ejectment of the plaintiff from one of defendant's cars to which he had transferred after payment to the conductor of the car upon which he first took passage. The rule of damages in cases of breach of contract, and those to recover damages for false imprisonment, assault, and other actions ex delicto, have always been governed by different principles.

The judgment should be reversed, and a new trial ordered, unless plaintiff stipulate to reduce recovery from $50 to $5, in which case the judgment should be modified, and, as modified, affirmed, without costs. All concur.

WILLARD BARTLETT, J. (concurring in result). While I concur in the result reached by Mr. Justice HOOKER in this case,

I cannot agree with his criticism upon the opinion of Mr. Justice Cullen in Miller v. King, 21 App. Div. 192, 47 N. Y. Supp. 534. The case cited was many times before the General Term and this court. I do not understand that a discussion or remark by a judge in the course of a judicial opinion is to be deemed obiter when it is germane to the point under discussion, even though it may not be absolutely essential to the decision. When the case of Miller v. King came up for consideration, it presented two important questions: (1) Whether the Erie Railroad Company was liable for tort, or merely for breach of contract; and (2) if only upon the contract to carry, what was the measure of damages. In speaking for the court, Mr. Justice Cullen answered these questions by holding (1) that the railroad's failure to carry the plaintiff as a passenger in accordance with its agreement did not render it liable in tort, but made it responsible solely for a breach of its contract; and (2) that the damages recoverable on account of such breach were not merely nominal. It was entirely proper to express an opinion on this second point, in order to guide the trial court upon the new trial which the Appellate Division ordered, and also because counsel for the defendant insisted that nominal damages only were recoverable. The subsequent history of Miller v. King (see 166 N. Y. 394, 59 N. E. 1114) shows that the case was subsequently tried upon the rule of damages stated by Mr. Justice Cullen, and the final affirmance in the Court of Appeals must be deemed an adjudication in the court of last resort that this rule was correct. This fact alone precludes us from declaring the statement of the rule in Judge Cullen's opinion to be an obiter dictum. Furthermore, I am unable to see how the fact that the plaintiff in a case like that at bar is not confined to nominal damages affects the correctness of the conclusion reached by Mr. Justice HOOKER herein. While it was held in Miller v. King that more than nominal damages might be recovered, it was also held that the damages were limited to the expense to which the plaintiff was put to get to his destination. This might be a large sum, or might be a small sum, varying according to the distance to be traveled and the particular circumstances under which the contract was broken; but it must be deemed substantial, inasmuch as it must always be sufficient to make good to the plaintiff the pecuniary loss which he has actually suffered by reason of the defendant's failure to keep its agreement.

I have expressed my views thus fully because I am unwilling to seem to sanction any intimation that the opinion of Judge Cullen in the Miller Case is incorrect in any respect.