## STEWART v. BALTIMORE & O. R. CO.

### (Supreme Court, Appellate Term.   May 19, 1904.)

**1. CARRIERS—PASSENGERS—CONFISCATION OF TICKET—REMEDY OF PASSENGER.**
   Where a passenger's ticket has been taken from him, and not returned, he may buy another ticket, and sue the carrier for its price.

**2. SAME—MEASURE OF DAMAGES.**
   Where a passenger suffered no loss of earnings by reason of three hours' delay, caused by his ticket having been taken away and not returned, and incurred no expense to which he would not have been put had he reached his destination, he was not entitled to any damages except the price of the ticket.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Calvin W. Stewart, Jr., against the Baltimore & Ohio Railroad Company. From a judgment for plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Guthrie, Cravath & Henderson, for appellant.

Ritch, Woodford, Bovee & Butcher, for respondent.

SCOTT, J.   The defendant admits its liability for the breach of its contract of carriage with plaintiff's assignor. The only question is as to the amount of such damage. The sole delay which plaintiff's assignor suffered was for three hours at Baltimore, for he had intended in any event to remain there until 1 o'clock, and did in fact leave at 4. Even this delay, upon which is predicated nearly the whole claim for damages, is not attributable to the defendant. No person connected with it, assuming the Pullman manager to have been its agent, induced Tinker, the plaintiff's assignor, to miss his train. His ticket had been taken from him, and not returned. He was entitled to buy another ticket, and sue the company for its price. There was no reason, except perhaps his own preoccupation and carelessness, why he should not have bought a ticket and gone on by the 1 o'clock train, as he had intended to do. But, even if his detention of three hours had been the result of the loss of his ticket, all the damages allowed by the justice, except the price of the ticket, are too remote. De Leon v. McKernan, 25 Misc. Rep. 182, 54 N. Y. Supp. 167; Rose v. King, 76 App. Div. 308, 78 N. Y. Supp. 419; Miller v. Balt. & Ohio R. R. Co., 89 App. Div. 457, 85 N. Y. Supp. 883. Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25, much relied upon by the justice below, was an action for damages for a tort, and not for breach of contract. That action involved, as the

natural and proximate result of the plaintiff's eviction from the car, injury to his feelings, for which the court said he was entitled to be compensated. The agreed statement of facts contains nothing to show that Tinker actually suffered any loss of earnings by reason of his detention, or why his detention for three hours in Baltimore on April 11th should have involved him in an expense to which he would not otherwise have been put in Philadelphia on, April 13th.

The judgment should be reduced to $5.30, the amount tendered by defendant, with costs to said defendant (appellant). All concur.