### HARRISON v. PENNSYLVANIA R. CO.

(Cattaraugus County Court. October 21, 1909.)

1. CARRIERS (§ 376*)—PASSENGERS—BREACH OF CONTRACT OF CARRIAGE.

A passenger presented a ticket consisting of two parts, one for the going trip and one for the return trip. The conductor, by mistake, retained the return ticket, and gave the passenger the going trip ticket. The passenger, on the return trip, tendered this ticket, but the conductor refused it, and the passenger, at the request of the conductor, left the train and walked the distance, as he refused to pay the fare or permit any one else to do so. *Held*, that the passenger could sue as for breach of contract of carriage, but he could not sue for a tortious act on the part of the conductor ejecting him from the train, as the ticket presented was void on its face.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1463; Dec. Dig. § 376.*]

2. CARRIERS (§ 382*)—PASSENGERS—BREACH OF CONTRACT OF CARRIAGE—DAMAGES.

The liability of a carrier breaching its contract to carry a passenger and requiring the passenger to leave the train is not limited to the amount of the fare paid by the passenger, but the jury may award damages for humiliation and injury to the feelings, though the ejection was effected as a result of the mutual mistake of the conductor and passenger.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1483–1491; Dec. Dig. § 382.*]

Appeal from Justice Court.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Albert Harrison against the Pennsylvania Railroad Company. From a judgment of a Justice's Court for plaintiff, defendant appeals. Affirmed.

This is an appeal from a judgment of a Justice's Court entered upon the verdict of a jury for $25 damages. The case was tried solely upon the theory of recovering damages for the breach of the contract between the plaintiff and the defendant for transportation over its road from Delevan, in Cattaraugus county, to Arcade, in Wyoming county, a distance of about five miles, and from Arcade back to Delevan. After the verdict the facts must be deemed settled in favor of the plaintiff; there being evidence to support them. On May 13, 1909, the plaintiff bought at Delevan station a round-trip ticket to Arcade and return. He then boarded the defendant's train in the morning of that day, and presented that ticket to the conductor. The ticket consisted of two parts, with a perforated line between, one of which plainly indicated on its face that it was for transportation from Delevan to Arcade, and the other part as plainly indicated that it was for transportation from Arcade to Delevan. The evidence is conflicting as to whether the conductor separated these parts or tickets, or whether it was done by the passenger, and upon that question the jury have found with the plaintiff. It is agreed that the conductor then retained the wrong part of the ticket which was for transportation upon the return trip, and gave to the passenger the ticket marked for transportation on the going trip. The passenger put it in his pocket without noticing the mistake, and, on the return trip, boarded the car of the defendant on another train and with another conductor going back to Delevan, and first discovered the mistake that had been made when the conductor refused him transportation on such ticket. All these facts must be deemed settled, and the question of the little conflict in the evidence resolved in the plaintiff's favor. About a mile south of Arcade the conductor stopped the train, and at his request the plaintiff left the car and walked the remainder of the distance from Arcade to Delevan, having refused to pay the fare or to permit any one else to pay it for him; the last part of the trip being made in a severe rainstorm, subjecting the plaintiff to inconvenience and discomfort only.

Hastings & Larkin, for appellant.
Manley E. King, for respondent.

THRASHER, J. On these facts the plaintiff was entitled to recover as for breach of a contract to carry him out and back. He would have no cause of action for assault and battery, and the action was not tried on that theory. It was expressly stipulated at the beginning of the trial, whatever question might arise upon the pleadings, that the cause of action was solely for breach of the defendant's contract. Neither the conductor nor the railroad company would be liable as for a tortious act on the part of the conductor. The ticket presented to the conductor was upon its face void for the purpose for which it was tendered, and the conductor under the rules governing him was compelled to refuse it. There can be no question predicated upon the negligence of the passenger because the question of his negligence has been determined, and with evidence to support that determination, in his favor. Monnier v. N. Y. C., etc., R. R., 175 N. Y. 281, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619, and cases therein cited.

The only other question left is the question of damages, it being insisted on the part of the defendant that the damages are excessive, and that there is no evidence to support the verdict of $25. Upon that point I think the judgment cannot be reversed. The regular fare from Ar-

cade to Delevan was but a few cents, but the plaintiff is not limited in his recovery to such damages. The jury are authorized to award damages, if they see fit, for humiliation and injury to the feelings of the passenger. Such are elements of actual damages which may arise from a sense of outraged rights, although the ejection was effected as a result of the mutual mistake of the conductor and the passenger. It was a breach of contract for which the defendant was responsible, though the conductor was acting within his right in ejecting the passenger. In the case of Miller v. King, which seems to have had a hard struggle and with various results in the Supreme Court and Court of Appeals, the conclusion seems finally to have been reached that these elements of humiliation and indignity are elements of compensatory damages to be considered and passed upon by the jury. See Miller v. King, 21 App. Div. 192, 57 N. Y. Supp. 534; Id., 32 App. Div. 389, 53 N. Y. Supp. 123; Id., 40 App. Div. 618, 58 N. Y. Supp. 1145, affirmed 166 N. Y. 394, 59 N. E. 1114; Gillespie v. Brooklyn Heights R. R., 178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503.

The distinction is plain between this case brought purely for compensatory damages for breach of contract, and those cases which are brought for assault and battery for the wrongful acts of the conductor in ejecting the passenger. The jury having determined that the plaintiff's damages are $25, I see no reason to disturb the verdict.

The judgment should be affirmed.