EDWIN A. TRAVIS AND MAME TRAVIS, PLAINTIFFS AND APPELLEES, v. WELLS, FARGO & COMPANY, DEFEND-ANTS AND APPELLANTS.

Submitted March 19, 1909—Decided November 18, 1909.

In an action against a common carrier for goods lost in transit a receipt was put in evidence in which receipt the defendant limited its liability to the sum of $50 unless a greater value was stated by the shipper; the trial court held that section 20 of the Interstate Commerce act of 1906 prohibited a common carrier from so limiting its liabilities by contract. *Held,* that this was error, as that section of the federal statute only prohibited any contract which exempted such carrier from liability from losses caused by a connecting carrier to which the defendant had delivered over the goods.

On appeal from the District Court.

Before Justices REED, TRENCHARD and MINTURN.

For the appellant, *John W. Griggs* and *Alexander & Green* (of the New York bar).

For the appellee, *Burnett & Cornish*.

The opinion of the court was delivered by

REED, J.   This action was brought to recover damages for the loss of a trunk and its contents, which trunk had been delivered by the plaintiffs to the defendant at the city of Passaic, New Jersey, to be carried to Fernwood, Pennsylvania. The cause was tried before the District Court judge, without a jury, and the judge ordered judgment in favor of plaintiffs for $200.

It is admitted that the nearest office of the defendant company to Fernwood, Pennsylvania, was at Jersey City, and it is admitted that at that point the trunk in question was delivered in good order to the Adams Express Company, to be carried thence to Fernwood.

When the trunk was delivered to the defendant at Passaic by Edwin A. Travis, one of the plaintiffs, he received a paper from the defendant, in which it was stated that the liability of the defendant is limited to $50, unless a greater value is stated in this receipt, and ceases on delivery of property at nearest point to designation it can carry the same.

No value was stated by the shipper.   On the trial it was insisted for the defendant that there could be no recovery for more than $50.   It was also insisted that there could be no recovery at all because it was proved that the property was delivered in perfect condition to the Adams Express Company at Jersey City.

What view of the law was entertained by the trial court respecting the last insistence, was not expressed, and is only inferable from the court's remarks in regard to the other point.   The difficulty in obtaining a review of the law upon which an action tried before a judge without a jury, and simply a general judgment is rendered, is apparent in this case.   Nevertheless, the ruling of the trial judge upon the first point seems quite clear.   It is manifest that the judge refused

to recognize any limitation of liabilities for a loss of over $50 contained in the receipt, solely upon the ground that the defending company was prohibited from so limiting its liability because of the terms of section 20 of the Interstate Commerce act of 1906. That the court relied upon that act in giving judgment for more than $50 is apparent from what occurred during the course of the trial.

The court was asked whether in view of the receipt containing the limitation clause it would hold that a recovery could be had in excess of $50? The court replied, "Yes; I must be controlled by the Interstate Commerce act." The judge again remarked: "I have before me a federal statute which says that an express company cannot limit its liability by a receipt. * * * My judgment in this case is that you cannot limit your liabilities—that your liability is not limited by a receipt—on account of the federal statute."

To this counsel for the defendant entered an objection.

The court further remarked: "I don't have to decide that under the common law of New Jersey the limitation might be binding upon the plaintiff."

It thus appears that the trial judge refrained from adjudging at all upon the force of the receipt, because he regarded that question as finally eliminated from the case by the terms of the federal statute.

The section of the Interstate Commerce act thus invoked is in these words: "That any common carrier, railroad or transportation company receiving property for transportation from a point in one state to a point in another state, shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed; provided, that nothing in this section shall deprive any holder of such receipt or bill of lading

of any remedy or right of action which he has under existing law.

"That the common carrier, railroad or transportation company issuing such receipt or bill of lading, shall be entitled to recover from the common carrier, railroad or transportation company on whose line the loss, damage or injury shall have been sustained, the amount of such loss, damage or injury as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment or transcript thereof."

In my judgment, the learned trial judge enlarged the scope of this act beyond its legitimate field of operation. It will be observed that the statute imposes upon the receiving carrier a liability for any loss caused by it, or by any common carrier, railroad or transportation company to which property may be delivered or over whose line or lines such property may pass; and no contract, receipt rule or regulation shall exempt such common carrier, railroad or transportation company from the liability *hereby imposed.*

The liability imposed by the act is a liability for a loss by a connecting carrier or carriers to which it had delivered goods to complete transportation. It is from that liability that the receiving carrier cannot, under the statute, exempt itself by contract. The statute means that instead of a common carrier being liable as at common law for any loss caused by itself, it shall not only be liable for such loss, but for any loss caused by a connecting carrier to which it has delivered its goods. There was no intention to impose upon the receiving carrier any additional liability for goods lost by it, and that the loss under the statute, as before, is the loss of goods of such value as the carrier has bargained to carry, and is, under his contract, to be paid for carrying.

It was not intended to abrogate the right to limit liabilities for loss in accordance with the amount paid for carriage, which right was vindicated by our Court of Errors and Appeals in the case of *Atkinson* v. *New York Transfer Co.,* 47 *Vroom* 608.

This view of the scope of section 20 of the Interstate Com-

merce act of 1906 was adopted by the unanimous judgment of the appellate division, first department, of the New York Supreme Court, in the case of *Greenwald et al.* v. *Weir,* as president of the Adams Express Company, 130 *App. Div.* 696. The opinion of Judge Scott delivered in that case is, I think, a convincing exposition of the purpose of the section under consideration.

It appearing that the trial court did not pass upon the question of the existence of a contract by which defendant limited its liability to $50, but rendered a judgment for more than that sum, there was error.

The conclusion thus arrived at renders it unnecessary to discuss the other questions dealt with in the learned briefs submitted by counsel.

The judgment below should be reversed.