ISAAC GREENWALD et al., Appellants, *v.* WILLIAM M. BARRETT, as President of Adams Express Company, Respondent.

Carriers — express companies — validity of provision in receipt of express companies that value of article to be transported shall be considered a sum specified unless actual value be stated — when shipper chargeable with knowledge of contents of receipt.

In order to regulate its charges to its customers with reference to the value of the property transported, a common carrier may demand of the shipper a declaration of such value, or may agree with him that in default of a statement the value shall be deemed a given amount. This agreement may be direct and express or it may arise indirectly out of the acceptance by the shipper of a receipt from the carrier in which it is stated that the value is to be considered a sum specified if no other has been given by the shipper.

Where a firm had employed the same form of receipt in shipping goods by the same express company for a number of years it must be charged with a knowledge of its contents, in the absence of any proof that it was not acquainted therewith and is bound thereby.

The language of the act of Congress commonly known as the Hepburn Act, being an amendment to section 20 of the Interstate Commerce Act,

does not abrogate the right of common carriers either to regulate their charges for carriage by the value of the goods or to agree with the shipper upon a valuation of the property carried.

*Greenwald* v. *Weir*, 130 App. Div. 696, affirmed.

(Argued June 8, 1910; decided June 17, 1910.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 5, 1909, reversing a determination of the Appellate Term which reversed a judgment of the Municipal Court of the city of New York in favor of plaintiffs for the sum of fifty dollars damages and costs.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel J. Rawak* for appellants. The Interstate Commerce Act makes defendant liable for its own negligent acts as well as those of its connecting carrier. (*Matter of Released Rates*, 13 I. C. C. R. 554; *Smeltzer* v. *S. L. & S. F. R. R. Co.*, 158 Fed. Rep. 649; *L. & N. R. R. Co.* v. *Warfield*, 65 S. E. Rep. 308.) The Interstate Commerce Act imposes upon defendant a liability for whatever loss, damage or injury the shipper sustains through the negligence of the defendant without power to diminish that liability by contract and this contract is one of exemption and void under the act. Hence it cannot be a partial defense to this action. (*Magnin* v. *Dinsmore*, 70 N. Y. 410; *Matter of Released Rates*, 13 I. C. C. R. 552; *L., etc., Co.* v. *P. Ins. Co.*, 129 U. S. 397; *The Niagara*, 62 U. S. 14; *Schutte* v. *Weir*, 59 Misc. Rep. 440; *Silverman* v. *Weir*, 114 N. Y. Supp. 6; *K. C. Ry. Co.* v. *Carl*, 121 S. W. Rep. 932; *L. & N. R. R. Co.* v. *Warfield*, 65 S. E. Rep. 308; *Chicago, etc., R. R. Co.* v. *Solan*, 95 Iowa, 260; 169 U. S. 133; *Brush* v. *Sabula*, 43 Iowa, 554; *McCoy* v. *R. R. R. Co.*, 44 Iowa, 424.) The alleged agreed valuation clause is illegal and void as being part of the scheme for the limitation of liability in violation of section 20 of the Interstate Commerce Act and can-

not be a partial defense to this action. (*Bermel* v. *N. Y., N. H. & H. R. R. Co.,* 62 App. Div. 389; *Galloway* v. *E. R. R. Co.,* 107 App. Div. 316; 192 N. Y. 545; *Isham* v. *Erie R. R. Co.,* 112 App. Div. 617; 191 N. Y. 547; *Security Trust Co.* v. *Wells, Fargo & Co.,* 81 App. Div. 431; 178 N. Y. 620; *Kansas City Ry. Co.* v. *Carl,* 121 S. W. Rep. 932; *Louisville & N. R. R. Co.* v. *Warfield,* 95 S. E. Rep. 308; *The Kensington,* 183 U. S. 263; *B. & O. R. R. Co.* v. *Doyle,* 142 Fed. Rep. 669; *Lucas* v. *B., etc., R. R. Co.,* 112 Iowa, 594.) A reduced rate as consideration for a limitation of liability or a rate based upon arbitrary valuation as consideration for a limitation of liability to such arbitrary valuation violates the acts to regulate commerce and any contract based thereon is illegal and void. (*Merchants' Cotton Co.* v. *Ins. Co.,* 151 U. S. 368; 91 Tenn. 537; *Pond Decker Co.* v. *Spence,* 86 Fed. Rep. 846; *Bissell* v. *N. Y. C. & H. R. R. R. Co.,* 25 N. Y. 449; *Nelson* v. *H. R. R. R. Co.,* 48 N. Y. 511; *Adams Ex. Co.* v. *Harris,* 120 Ind. 73; *Kellerman* v. *K. C., etc., R. R. Co.,* 136 Mo. 177; *R. R.* v. *Coolidge,* 83 S. W. Rep. 333; *Meeker* v. *L. V. R. R. Co.,* 162 Fed. Rep. 354; *S. O. Co.* v. *U. S.,* 164 Fed. Rep. 376; 312 U. S. 579; *A. Express Co.* v. *U. S.,* 212 U. S. 522.)

*William D. Guthrie* for respondent. The provisions of section 20 of the Interstate Commerce Act as amended were not intended to affect the existing law as to the liability of a carrier for loss upon its own line, but the sole purpose was to extend the liability of the initial carrier so as to cover a loss caused by a connecting carrier. (Hutchinson on Carriers [3d ed.], §§ 230, 231; *Bernard* v. *Adams Express Co.,* 91 N. E. Rep. 325; *Travis* v. *Wells, Fargo & Co.,* 74 Atl. Rep. 444; *McCann* v. *Eddy,* 130 Mo. 59; *M., K. & T. Ry. Co.* v. *McCann,* 174 U. S. 580; *Willis* v. *E., T. & B. Co.,* 169 U. S. 295.) The contract in question is not a contract of the kind described by section 20 of the act, because it is not a contract exempting the carrier from liability for

loss caused by it. (*N. Y., N. H. & H. R. R. Co.* v. *I. C. Comm.*, 200 U. S. 361; *United States* v. *Hermanos*, 209 U. S. 338; *United States* v. *Healy*, 160 U. S. 136; *Matter of Released Rates*, 13 I. C. C. R. 550; *Hart* v. *P. R. R. Co.*, 112 U. S. 331; *Penn. R. R. Co.* v. *Hughes*, 191 U. S. 477; *Hohl* v. *Nordeutscher Lloyd*, 175 Fed. Rep. 544; *Zimmer* v. *N. Y. C. & H. R. R. R. Co.*, 137 N. Y. 460; *Tewes* v. *N. G. L. S. S. Co.*, 186 N. Y. 151; *Barnes* v. *L. I. R. R. Co.*, 115 App. Div. 44.)

WILLARD BARTLETT, J. This action was brought in the Municipal Court of the city of New York to recover $235, being the alleged value of merchandise received by the Adams Express Company from the plaintiffs for transportation from the city of New York to the city of Waukegan, Illinois, but never delivered to the consignee. The defendant admitted the receipt of the property and the undertaking of the Adams Express Company to forward the same to the destination indicated and deliver it, but pleaded that the shipment was accepted under a special contract whereby it was provided that the package and its contents were of the value of not more than fifty dollars ($50) and that the charges for forwarding the same were fixed and regulated according to such valuation. It was further averred in the answer that it was by said contract expressly agreed that the Adams Express Company should in no event be liable for an amount greater than the valuation so placed upon the package and its contents, namely, $50; and that no statement of the value of the package was made to the express company or to any one in its employ at the time of the delivery and shipment thereof, although said value was asked by the agent of the company who received the same.

It will be perceived that there was practically no dispute as to the liability of the Adams Express Company in some amount for the non-delivery of the package; the plaintiffs contending that it was liable for the full value of the property shipped, while the defendant insisted that the agreed valua-

tion of $50 was the utmost which the plaintiffs could lawfully claim.

The contract upon which the defendant relies was embodied in an express receipt signed by the agent of the Adams Express Company at the time he received the goods in its behalf. It was taken from a book of blank receipts which the plaintiffs had been in the habit of using at their place of business for about three months before this shipment. The entry on the receipt relating to this shipment was filled out by the plaintiffs' shipping clerk and the receipt was then offered with the package to the driver of the express company who signed and left it with the plaintiffs and took the package away. Inasmuch as the package was never delivered to the consignee it was clear that the express company was bound to make good its loss to the plaintiffs. Its claim that the amount of this loss was only $50 is based upon the following paragraph which appears upon the printed portion of the receipt:

" In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein, and that the Company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein."

To defeat the limitation of liability sought to be effected by this clause in the express receipt the plaintiffs rely upon a provision contained in the act of Congress commonly known as the Hepburn Act, being an amendment to section 20 of the Interstate Commerce Act, passed June 29, 1906 (34 Statutes at Large, 594). That amendment reads as follows:

" That any common carrier, railroad, or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property

caused by it or by any common carrier, railroad or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed : *Provided*, That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law."

The question to be determined upon this appeal is whether this Federal legislation forbids an express company from making a contract with a shipper such as we have quoted from the receipt given to the plaintiffs. If that question is answered in the affirmative, the plaintiffs were entitled to recover whatever they could prove to have been the actual value of the property shipped. If it is answered in the negative, their recovery must be limited to the agreed value of the property under the terms of the receipt.

The purpose of the provision which we have quoted from the Hepburn Act was obvious. It was to render the initial carrier in the case of interstate transportation over connecting lines liable to the lawful holder of its receipt or bill of lading for any loss or injury to the property shipped, whether such loss or injury occurred after the goods had passed out of the hands of the initial carrier or not; and furthermore to prevent interstate carriers from exempting themselves from liability for the loss of property or damage thereto after it had passed into the hands of another carrier to be transported to its destination. The language of the enactment does not disclose any intent to abrogate the right of common carriers to regulate their charges for carriage by the value of the goods or to agree with the shipper upon a valuation of the property carried. It has been the uniform practice of transportation companies in this country to make their charges dependent upon the value of the property carried and the propriety of this practice and the legality of contracts signed by the shipper agreeing upon a valuation of the property were distinctly upheld by the Supreme Court of the United States in *Hart*

v. *Penn. R. R. Co.* (112 U. S. 331, 341). In that case Mr. Justice BLATCHFORD said : " It is just and reasonable that such a contract, fairly entered into, and where there is no deceit practiced on the shipper, should be upheld. There is no violation of public policy. On the contrary, it would be unjust and unreasonable, and would be repugnant to the soundest principles of fair dealing and of the freedom of contracting, and thus in conflict with public policy, if a shipper should be allowed to reap the benefit of the contract if there is no loss, and to repudiate it in case of loss." The doctrine of this case is in harmony with the uniform course of decisions in this state. (*Belger* v. *Dinsmore*, 51 N. Y. 166 ; *Magnin* v. *Dinsmore*, 70 N. Y. 410 ; *Zimmer* v. *N. Y. C. & H. R. R. R. Co.*, 137 N. Y. 460.)

A case on all fours with the case at bar has been determined by the Supreme Court of New Jersey since the decision of the Appellate Division herein. (*Travis* v. *Wells, Fargo & Co.*, 74 Atl. Rep. 444.) The action was brought to recover damages for the loss of a trunk, and the receipt given to the plaintiff by the defendant stated that its liability was limited to $50, unless a greater value was stated therein. No value was stated by the shipper, and the defendant insisted upon the trial that the plaintiff's recovery must be limited to $50. In that case, as here, the Hepburn Act was relied upon to overcome the effect of the receipt by the plaintiffs, who claimed to recover the full value of the lost trunk. The Supreme Court of New Jersey referred to the opinion of Mr. Justice SCOTT in the present case (130 App. Div. 696) with approval, pronouncing it a convincing exposition of the purpose of the Federal statute. " The statute means," said REED, J., " that, instead of a common carrier being liable as at common law for any loss caused by itself, it shall not only be liable for such loss but for any loss caused by a connecting carrier to which it has delivered its goods. There was no intention to impose upon the receiving carrier any additional liability for goods lost by it, and that the loss under the statute, as before, is the loss of goods of such value as the carrier has bargained to carry, and is, under

his contract, to be paid for carrying. It was not intended to abrogate the right to limit liabilities for loss in accordance with the amount paid for carriage." The same view was taken by the Supreme Judicial Court of Massachusetts in *Bernard* v. *Adams Express Co.* (91 N. E. Rep. 325) where the prevailing opinion at the Appellate Division in the present case is also approvingly cited. There Chief Justice KNOWLTON, speaking of the $50 valuation clause in the express receipt, declares that it is not an exemption from liability for negligence in the management of property within the meaning of the Federal statute. " It is a contract as to what the property is in reference to its value. The purpose of it is not to change the nature of the undertaking of the common carrier, or limit his obligation in the care and management of that which is intrusted to him. It is to describe and define the subject-matter of the contract, so far as the parties care to define it, for the purpose of showing of what value that is which comes into the carrier's possession, and for which he must account in the performance of his duty as a carrier."

In order to regulate its charges to its customers with reference to the value of the property transported, a common carrier may demand of the shipper a declaration of such value, or may agree with him that in default of a statement the value shall be deemed a given amount. This agreement may be direct and express or it may arise indirectly out of the acceptance by the shipper of a receipt from the carrier in which it is stated that the value is to be considered a sum specified if no other has been given by the shipper. Such was the character of the receipt given by the representative of the express company to the plaintiffs in the present case. They had employed the same form of receipt in shipping goods by the Adams Express Company for a period of six years and must be charged with a knowledge of its contents in the absence of any proof whatever that they were not acquainted therewith. There was a book of blank receipts in their custody and they made the entries in the blanks themselves and completely

12

prepared the receipts for signature by the express company's driver when he called for and took the goods. The contract of agreed valuation being one which the parties could lawfully make, the proof here required a finding that it had been made, and this fixed the measure of the plaintiff's damages at $50 and no more. Hence the order of the Appellate Division limiting the recovery to that amount was right and it should be affirmed, with costs. ·

CULLEN, Ch. J., GRAY, HAIGHT, VANN and WERNER, JJ., concur; CHASE, J., not sitting.

Order affirmed.