JAMES J. E. BURKE, Plaintiff, *v.* UNION PACIFIC RAILROAD
COMPANY, Defendant.

First Department, July 13, 1917.

Carrier — liability for loss of goods — bill of lading construed —
agreement limiting liability of carrier — Interstate Commerce
Law construed.

Where a bill of lading covering the entire shipment of merchandise from
Japan to the State of New York, and thus including transit across the
continent by the defendant railroad, expressly provided that the goods
are valued by the shipper at not exceeding $100 per package and that
" the liability of the Companies therefor " in case of loss shall not exceed
$100 per package, the shipper cannot recover in excess of that sum where
the goods were destroyed while being transported by the defendant in
this country, even though it is admitted that the real value of the goods
was greatly in excess of that stated.

As the agreement was a " through bill of lading " its terms as to value
were intended to apply to any of the successive carriers, including the
defendant.

Although an interstate shipment, whether originating in this country or
abroad, is controlled so far as concerns that portion of the transportation
which is interstate, by the Interstate Commerce Law, and the rules,
form of contract and classification established in pursuance of that law,
nevertheless said law and the schedules filed thereunder do not forbid
a limitation of the carrier's liability such as is contained in the bill of
lading aforesaid. In fact the 3d section of the uniform bill of lading
allows a lower valuation of goods to be agreed upon.

SUBMISSION of a controversy upon an agreed statement of
facts pursuant to section 1279 of the Code of Civil Procedure.

*Arthur W. Clement* [*Wilson E. Tipple* with him on the brief],
for the plaintiff.

*Oscar R. Houston,* for the defendant.

SCOTT, J.:

The only question at issue in this controversy is the amount
of damages which the plaintiff is entitled to recover for the
loss of certain goods shipped from Japan to this country and
then transported over defendant's railroad. The liability of
defendant is not questioned, the only dispute being as to the
amount for which it is liable.

The goods, consisting of fifty-six cases of merchandise,

were shipped from Yokohama, Japan, by the Pacific Mail Steamship Company, to be delivered at New York to the shipper's order. It was carried by the steamship company to San Francisco, and there delivered to the Southern Pacific Company, a common carrier, and by that company transported to its junction with defendant and there delivered to said defendant. While in defendant's hands the property was totally destroyed. As has been said the defendant concedes its liability, and it is stipulated that the fair, reasonable and market value of the goods was $17,549.01, for which sum, with interest, the plaintiff demands judgment.

The defendant claims, however, that it is liable for no more than $5,600 with interest. This claim is based upon a clause in the bill of lading issued by the steamship company reading as follows: "It is expressly agreed that the goods named * * * are hereby valued at not exceeding $100.00 per package, and unless a different or other value is expressly written and declared herein, the liability of the Companies therefor, in case of the total loss of all or any of the said goods from any cause, shall not exceed $100.00 per package, and in case of the partial loss of or damage to any of said goods, the liability of the Carriers shall not exceed such proportion thereof per package as the loss or damage on each package shall bear to the sum of $100.00."

This is a very common form of agreement as to value and has frequently been upheld and enforced (*Hart* v. *Pennsylvania R. R. Co.*, 112 U. S. 331; *Greenwald* v. *Barrett*, 199 N. Y. 170), and it is of no moment that the freight charges do not appear to have been based on this valuation of $100 per package. (*Reid* v. *Fargo*, 213 Fed. Rep. 771, 773; affd. on this point, 241 U. S. 544, 551.)

It is also apparent that this agreement as to value was intended to apply to any of the successive carriers. The bill of lading was denominated " through bill of lading," and it called for the transportation of the goods " from Yokohama, via San Francisco to New York." The freight charge was made up of two items, one the ocean rate, and the other the rail rate, and the bill of lading provided that the goods were " to be transported by the Pacific Mail Steamship Company on board the steamship *Persia* * * * from Yoko-

hama unto the Port Of San Francisco, or so near thereto as safe navigation of such vessel or vessels shall then permit   *   *   * and there upon the arrival of said Steamer in like condition to be received by and delivered unto the Southern Pacific Company, the Atchison, Topeka & Santa Fe Railway Company or the Western Pacific Railway Company, or any one of them, and thence to be transported by said Company and connecting Railroad Companies to New York and there in like condition to be delivered unto   *   *   *   Order." And finally the clause fixing the valuation of $100 per package (quoted above) speaks of the liabilities of the " companies " and later of the " carriers," which it would not have done if it had been intended to limit the effect of the stipulation as to value to the first carrier, viz., the steamship company.

The plaintiff, however, contends that in so far as concerns the transportation of the goods from San Francisco to New York, the shipment must be regarded as being governed exclusively by the provisions of the defendant's filed classification, tariffs, etc., and the uniform bill of lading on file with the Interstate Commerce Commission, and that since the limitation upon the defendant's liability, contained in the steamship company's bill of lading is not to be found in any of the classifications, tariffs or in the uniform bill of lading, the defendant may not avail itself of the agreement as to value.   We have no doubt that the Interstate Commerce Act applied to so much of the shipment as was had by rail after the goods had been landed at San Francisco (See 24 U. S. Stat. at Large, 379, § 1, as amd. by 34 id. 584, § 1, and 36 id. 544, § 7), and inasmuch as the shipper gave no notice that he elected to ship subject to the common-law rules of liability, the shipment, so far as concerns defendant, must, we think, be deemed to have been made under the filed classifications and rates and under the terms of the uniform bill of lading, notwithstanding no such bill was, in fact, ever issued or signed.   (See rule 9 of  Western Classification No. 53, in force at the time of the shipment and stipulated as a part of the submission.) In other words, an interstate shipment, whether originating in this country or abroad, is controlled, so far as concerns that portion of the transportation which is interstate, by the

Interstate Commerce Law, and the rules, forms of contract and classifications established in pursuance of that law.

Granting this, however, does not serve to sustain the plaintiff's claim. While the filed schedule of classifications, rates, etc., do not in terms provide for such a valuation as was made in this case and a consequent limitation of the carrier's liability, they do not forbid it. The uniform bill of lading, however, does explicitly so provide.

Its 3d section reads as follows: " The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill of lading, *unless a lower value* has been represented in writing by the shipper or *has been agreed upon* or is determined by the classification or tariffs upon which the rate is based, in any of which events such lower value shall be the maximum amount to govern such computation, whether or not such loss or damage occurs from negligence."

This section establishes four alternative measures of value or bases of liability. The first is the invoice value, and the third is " a lower value  *  *  * agreed upon." The shipment for the loss of which plaintiff seeks to recover damages falls distinctly within this third class. A lower value than the invoice price had been distinctly agreed upon between the initial carrier and the shipper and had been expressed in the bill of lading. Since, as already said, that agreement was obviously made not only for the benefit of the initial carrier, but for that of each successive carrier, the defendant is entitled to the benefit of it, precisely as if a bill of lading in the uniform form had been issued and the agreement as to value had been written into it.

It follows that there must be judgment for the plaintiff for $5,600, with interest, with costs to the defendant.

CLARKE, P. J., LAUGHLIN, DAVIS and SHEARN, JJ., concurred.

Judgment for plaintiff as stated in opinion, with costs to the defendant. Order to be settled on notice.