Samuel A. Spiegel, J.
This is an action to recover damages in the sum of $712.41 for the loss of 1 carton of goods delivered to defendant. It was conceded by defendant that it received 11 cartons consigned to plaintiff and that it lost 1 carton.
The defendant has affirmatively pleaded that its liability is limited by contract to $50.
There can be no doubt that the shipment is intracity. Consequently, the rights of the parties are to be determined by the common law of this State rather than the Interstate Commerce Act or the Public Service Law of the State of New York.
As to the validity and public policy of limiting the carrier’s liability, the established rule is that a common carrier cannot make a valid contract fixing its maximum liability for its negligence unless the shipper is given a choice of rates depending on its valuation of the goods in question. (Union Pacific R. R. v. Burke, 255 U. S. 317; Hart v. Pennsylvania R. R. Co., 112 U. S. 331; Burke v. Union Pacific R. R. Co., 226 N. Y. 534.)
Where such a choice is offered, the shipper under the doctrine of estoppel is restricted to recovery of the value which it has declared or, if none has been declared, then to the maximum specified in the contract is controlling in the absence of a higher declaration. (See National Blouse Corp. v. Felson, 274 App. *152 Div. 164, affd. 299 N. Y. 612; Levine & Co. v. Wolf’s Package Depot, 29 Misc 2d 1085.)
Together with the limitation of liability in the receipt, there was sufficient evidence adduced at the trial to support the conclusion that defendant had in fact offered plaintiff’s agent, Boll, the opportunity of declaring a greater valuation at a proportionately higher rate of carriage. Moreover, the testimony of plaintiff’s witness, Efros, established that deliveries had been made for at least 4 years prior to the instant one and that she was familiar with the delivery receipt containing the limited liability, used by the defendant, which is the subject of the defense herein. She testified that she had been the director of purchases for plaintiff for some 20 years; that she had signed the receipt many times; that defendant used the same form of receipt containing the limitation of liability to $50 unless a higher valuation was declared. She further testified that she had never requested plaintiff’s agent to declare a higher valuation. Her testimony was confirmed by the witness, Boll, who was plaintiff’s agent.
From the testimony, the conclusion is inescapable that she was fairly familiar with the limitation of liability and thus the plaintiff had the opportunity to choose alternate rates if it so desired. (Greenwald v. Barrett, 199 N. Y. 170.)
The testimony of defendant’s witness, G-essel, was to the effect that plaintiff was fully aware of the limitation of liability but had not availed itself of the opportunity to declare a high valuation.
In Greenwald v. Barrett [supra) the court at pages 177-178 stated the following: ‘This agreement may be direct and express or it may arise indirectly out of the acceptance by the shipper of a receipt from the carrier in which it is stated that the value is to be considered a sum specified if no other has been given by the shipper. Such was the character of the receipt given by the representative of the express company to the plaintiffs in the present case. They had employed the same form of receipt in shipping goods by the Adams Express Company for a period of six years and must be charged with a knowledge of its contents in the absence of any proof whatever that they were not acquainted therewith. There was a book of blank receipts in their custody and they made the entries in the blanks themselves and completely prepared the receipts for signature by the express company’s driver when he called for and took the goods. The contract of agreed valuation being one which the parties could lawfully make, the proof here required a finding that it had been made, and this fixed the measure of the plain *153 tiff’s damages at $50 and no more. Hence the order of the Appellate Division limiting the recovery to that amount was right and it should be affirmed, with costs.”
The case of Hazen v. Lan (140 N. Y. S. 2d 529) relied upon by the plaintiff, is inapplicable to the situation at bar.
The contract of agreed valuation being one which the parties could lawfully make, the record requires that the measure of plaintiff’s damages be limited to $50. Hence, judgment is directed in favor of plaintiff against defendant in the sum of $50.