BROWN v. WEIR.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. EXPRESS COMPANIES—DELAY IN DELIVERY—DAMAGES.

Where an express company undertook to carry the trunk of an actress without knowledge that she had engagements which she could not fill without the contents of the trunk, the measure of damages for its refusal for several days to deliver the trunk unless an excessive charge were paid does not include what she would have received from such engagements during the wrongful detention.

2. SAME—DUTY TO MINIMIZE LOSSES.

The rule requiring persons seeking damages to use diligence to make the losses as small as possible applies as well in case of breach of contract as in case of a tort.

Jenks and Hooker, JJ., dissenting.

Appeal from Municipal Court.

Action by Kathleen Brown against Levi C. Weir, president of the Adams Express Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Richard Reid Rogers, for appellant
Harry T. Weeks, for respondent.

WOODWARD, J. The plaintiff in this action is an actress. On the 20th day of October, 1902, she consigned to herself at Brown's Point, Astoria, through the defendant, a trunk containing her theatrical wardrobe. The facts are all stipulated, and there is no sug-

¶ 2. See Damages, vol. 15, Cent. Dig. § 128.

gestion that the defendant had any notice of the contents of this trunk, or of its probable importance to the plaintiff, except that it was delivered into the possession of the defendant at a theater or music hall in the city of Baltimore, which might, in an action to recover the value of the wardrobe, be of importance as tending to show that the defendant was in possession of facts putting it upon inquiry, but which can have no bearing upon the question presented in this case. The trunk in question was forwarded by the defendant partially through the Long Island Express Company, and was by the latter offered for delivery at the plaintiff's residence on the 21st day of October, 1902, or the day following its consignment, which was a compliance with its implied contract to forward the same to its destination within a reasonable length of time. It is conceded that the reasonable and proper charge for this service was 85 cents, but the Long Island Express Company, acting for the defendant, demanded $5.85 as a condition of delivering the trunk, and this the plaintiff refused, though offering to pay the 85 cents. The agent of the express company thereupon refused to deliver the trunk, and it was held in the custody of the defendant or the Long Island Express Company until the 31st day of October, 1902, at which time the defendant conceded that it had made a mistake in the matter, and delivered the trunk to the plaintiff, accepting 85 cents for the carrying charges. The plaintiff, it is conceded, had contracts with various clubs and theaters for the dates between the 21st and 31st of October, aggregating $125, and in this action she has recovered a judgment for the full amount of this loss, it being claimed that she was prevented from appearing and filling these engagements on account of the action of the defendant in retaining possession of her trunk. The plaintiff, it is conceded, called the attention of the Long Island Express Company to the fact that the trunk contained her wardrobe, and that the action of the express company interfered with her engagements; but this, we believe, has no bearing upon the case, because the contract was made in Baltimore, and its legal effect could not be changed by anything that occurred subsequently. The defendant appeals from the judgment purely upon the proposition that an improper measure of damages has prevailed in the court below.

There are two rules of law which stand in the way of plaintiff's recovery for the loss of her engagements, either of which is sufficient to justify a reversal of the judgment. The first of these rules is that which imposes upon a party subjected to injury from a breach of contract the active duty of making reasonable exertion to render the injury as light as possible. Hamilton v. McPherson, 28 N. Y. 72, 77, 84 Am. Dec. 330, and authorities there cited; Jenks v. Quinn, 137 N. Y. 223, 228, 33 N. E. 376. The other is that damages for breach of contract are only those which are incidental to, and directly caused by, the breach, and may reasonably be presumed to have entered into the contemplation of the parties; and not speculative profits, or accidental or consequential losses. Hamilton v. McPherson, 28 N. Y. 76, 84 Am. Dec. 330, and authorities there cited; Allen v. McConihe, 124 N. Y. 342, 347, 26 N. E. 812, and authorities there cited; Rochester Lantern Co. v. Stiles & Parker Press Co., 135 N. Y. 209,

217, 31 N. E. 1018, and authorities there cited. While it is probably true that the burden of proving that the damages which have been sustained in such a case could have been prevented, rests upon the party guilty of the breach of contract (Hamilton v. McPherson, 28 N. Y. 77, 84 Am. Dec. 330), the evidence in this case fails to show that the plaintiff has suffered any damages which she can recover in an action of this character, and the defendant is not, therefore, bound to prove that these damages might have been made less. The question presented upon this appeal is not what damages the plaintiff might have recovered under proper proofs, but whether, under agreed facts submitted, subject to the right to exceptions, the plaintiff has established a right to recover anything. The only claim for damages is based upon the failure of the plaintiff to appear at several theatrical performances, alleged to be due to the failure of the defendant to deliver her trunk within a reasonable time. If the trunk had been lost or destroyed in transit, or after it had reached its destination, and before the plaintiff had had a reasonable opportunity to gain possession of the same, the measure of damages would, undoubtedly, have been the value of the goods at the point of delivery, subject to the conditions of the contract of carriage, whatever those may have been. Faulkner v. Hart, 82 N. Y. 413, 417, 418, 37 Am. Rep. 574, and authorities there cited. So it has been said that it is the duty of a carrier to transmit goods committed to him in a reasonable time, and if, from mere negligence, or a plain violation of duty, he omits to transport them beyond a reasonable time, and their market value falls in the meantime, the true rule of damages is the difference in their value at the time and place they ought to have been delivered and the time of their actual delivery, and this duty extends to the actual delivery or its equivalent. Sherman v. Hudson River Railroad Co., 64 N. Y. 254, 259, and authority there cited. Whenever special or extraordinary damages, such as would not naturally or ordinarily follow a breach, have been awarded for the nonperformance of contracts, whether for the sale or carriage of goods or for the delivery of messages by telegraph, it has been for the reason that the contracts have been made with reference to the peculiar circumstances known to both, and the particular loss had been in the contemplation of both at the time of making the contract, as a contingency which might follow the nonperformance. Baldwin v. The United States Telegraph Co., 45 N. Y. 744, 750, 6 Am. Rep. 165, and authorities there cited; Primrose v. Western Union Telegraph Co., 154 U. S. 1, 29, 14 Sup. Ct. 1098, 38 L. Ed. 883, and authorities there cited. And, there being no evidence in this case of any knowledge on the part of the defendant or its agents at Baltimore that the plaintiff had any contracts which she could not fill without her trunk at the point of delivery, her theory of damages is without support, and the judgment, being contrary to law, cannot stand.

The plaintiff was not without remedy. She could have instituted an action either in a justice's court or in a court of record for the recovery of a chattel, with damages, or she could have brought an action for conversion; and in either event she would, in contemplation of law, have received the full measure of damages to which she

88 N.Y.S.—31

was entitled. But having neglected or refused to make use of the remedies provided by law, and having subsequently accepted the trunk, paying the lawful charges of transportation, she cannot now recover the damages which she may have sustained by reason of her inability to appear in public without the wardrobe contained in her trunk. The rule which requires persons seeking to recover damages to use diligence to make the losses as small as possible under all of the circumstances applies equally to express contracts or torts (Baldwin v. The United States Telegraph Co., 45 N. Y. 753, 6 Am. Rep. 165), and the plaintiff having, through negligence or willfulness, allowed the damages to be unnecessarily enhanced, the increased loss falls justly upon her (Hamilton v. McPherson, 28 N. Y. 72, 77, 84 Am. Dec. 330; Jenks v. Quinn, 137 N. Y. 223, 228, 33 N. E. 376).

The judgment appealed from should be reversed, with costs.

HIRSCHBERG, P. J., concurs. BARTLETT, J., concurs in result. JENKS and HOOKER, JJ., dissent.