(46 Misc. Rep. 259)

### KATZ v. CLEVELAND, C., C. & ST. L. RY. CO.

(Supreme Court, Appellate Term. January 17, 1905.)

1. CARRIER—DELAY IN DELIVERY OF TRUNK—DAMAGES—LIABILITY.

    A carrier is not liable, as for breach of contract, for delay in delivery of a sample trunk of a passenger, who was a member of a firm, and had taken the samples with him on a selling trip, merely on proof of the value of the lost time of the passenger, and the amount of commission he would have earned by sales of goods he would have made each day, had the trunk not been delayed, where the contract was not made with reference to the peculiar circumstances known to both shipper and carrier, and the particular loss was not in contemplation of both, at the time of making the contract, as a contingency which might follow nonperformance.

2. SAME.

    A passenger's notice to a carrier's baggageman that he had a large sample trunk, which he wished checked, is insufficient to charge the

carrier with knowledge that any special reason existed for expediting the delivery of the particular trunk, so as to render the carrier liable, as for breach of contract, for damage resulting from delay caused by the necessity of having the samples, in order to fulfill engagements already made to meet prospective customers, to whom no goods could be sold in the absence of the samples.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Samuel Katz against the Cleveland, Cincinnati, Chicago, & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Rumsey, Sheppard & Ingalls (John S. Sheppard, Jr., of counsel), for appellant.

Stern & Sundheimer, for respondent.

SCOTT, J.  The action is not based upon the negligence of defendant, and no act of negligence is shown.  The action is for damages for "breach of contract"; the alleged breach being a delay of 1½ days in delivering a trunk full of samples checked by one of plaintiff's assignors, who was traveling as a passenger on defendant's railroad. The damages allowed were $100, which plaintiff's assignors claimed was the value of the lost time of the member of the firm who was carrying the samples with him on a selling trip.  This amount was apparently arrived at by estimating that a salesman paid by commission would have sold $500 worth of goods each day, and thereby have earned a commission of 10 per cent.  The seller in this case, however, was not a salesman selling on commission, but a member of the firm, and it does not appear that he lost any sale by reason of the delay in the delivery of the trunk that he would otherwise have made. Nor was there any foundation for the award of any damages.  The true measure of damages when a carrier, either through negligence or violation of duty, delays the delivery of merchandise or baggage beyond a reasonable time, is the difference between the value when delivery should have been made, and the value at the time when delivery is actually made.  Sherman v. Hudson R. R. Co., 64 N. Y. 254.  No such damage was shown or alleged in this case.  The damages claimed and allowed by the justice were extraordinary, and not such as could have been foreseen as those which would naturally and ordinarily follow from a delay in delivering the trunk.  Such damages cannot be allowed unless it is made to appear that the contract had been made with reference to the peculiar circumstances known to both shipper and carrier, and the particular loss had been in contemplation of both at the time of making the contract as a contingency which might follow nonperformance.  Brown v. Wier, 95 App. Div. 78, 88 N. Y. Supp. 479; De Leon v. McKernan, 25 Misc. Rep. 182, 54 N. Y. Supp. 167; Cooley v. Pennsylvania R. Co., 40 Misc. Rep. 239, 81 N. Y. Supp. 692; Woodzu v. Great W. Ry. Co., Law Rep. (1867) 2 C. P. 318.  No such common knowledge was shown here.  The reason given by plaintiff's principal witness why unusual damage resulted from the delay was that he needed the samples in order to fulfill engagements already

91 N.Y.S.—46

made to meet prospective customers, and that he could not sell goods in the absence of his samples. He did not, however, give defendant any notice of these special circumstances. All he did was to notify defendant's baggageman that he had a large sample trunk, which he wished checked. This certainly was not calculated to convey the intelligence that any special reason existed for expediting this trunk which would not apply to any trunk. Upon the evidence as it stood, the plaintiff should have been nonsuited.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.