defendant has never attorned to the plaintiff or done any act which could be construed as a consent to or an acceptance of the plaintiff as landlord or made any agreement with him in reference to the premises, the possession of which the defendant now enjoys. No privity of estate or of contract exists between the plaintiff and the defendant, and there is no basis upon which the plaintiff can maintain this action.   In M'Kircher v. Hawley, 16 Johns. 289, Spencer, C. J., said:

"Having already decided that there exists no privity between the mortgagee and one holding under the mortgagor by a conveyance subsequent to the mortgage, we have, in effect, decided the present question; for it would seem to be an incontestible proposition that no man can destrain for rent unless a privity of contract or of estate exists between him and the party of whom rent is claimed."

In Simers v. Saltus, 3 Denio, 214, Jewett, J., said:

"If the mortgagor, subsequent to the mortgage, lease the premises, the mortgagee cannot destrain or sue for rent because there is no privity of contract or of estate between the mortgagee and tenant, unless the tenant attorn to the mortgagee after the mortgage has become forfeited, which he may do."

In Sprague National Bank v. Erie R. R. Co., 22 App. Div. 526, 48 N. Y. Supp. 65, Bradley, J., said:

"By the foreclosure and sale the equity of redemption of the mortgagor was cut off, and thus the defeasance taken from the mortgagor as of the time the lien of it was created.  Rector, etc., v. Mack, 93 N. Y. 488, 45 Am. Rep. 260; Batterman v. Albright, 122 N. Y. 484, 25 N. E. 856, 11 L. R. A. 800, 19 Am. St. Rep. 510.  It necessarily follows that, as no privity of contract or estate existed between the mortgagee and lessee, none as between the lessee and the purchaser resulted from the purchase and the master's deed thereupon made to support any action by either against the other upon the covenants in the lease in any event."

These authorities demonstrate that the judgment appealed from should be reversed.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.

---

(61 Misc. Rep. 60.)

BRACCO v. MERCHANTS' DESPATCH TRANSP. CO.

(Supreme Court, Appellate Term.   November 30, 1908.)

CARRIERS (§ 105*)—GOODS—DELAY—SPECIAL DAMAGES—RIGHT TO.

In the absence of notice to or knowledge by a carrier as to the special use to be made of a shipment of machinery, the only damages recoverable for a delay in shipment is the difference between the value when delivery should have been made and the value when it was made.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 452, 452½; Dec. Dig. § 105.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Alfonso Bracco against the Merchants' Despatch Transportation Company.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-BURY, JJ.

Alex S. Lyman, for appellant.

Charles Lex Brooke, for respondent.

SEABURY, J. The defendant is a common carrier, and the plaintiff shipped by it 12 loose castings and 6 cases to a customer at Muscatine, Iowa. All of these cases were delivered on August 28, 1907, except one case, which was not delivered until September 29, 1907. The shipment comprised machinery, and it is conceded that the machinery was useless without the parts contained in the case which was not delivered until September 29, 1907. The plaintiff in the meantime had duplicated the missing parts and his customer returned this case to him. It is also conceded that the contents in this case were of the value of $192.50. The appellant concedes that:

"The only question presented by this appeal is whether or not the item of $192.50 is a proper item of damage in the absence of special notice to the carrier."

There is no evidence to show that the carrier had notice or knowledge of the special use which was to be made of this shipment. Under these circumstances, the shipper can only recover the difference between the value when the delivery should have been made and the value at the time when the delivery was actually made. Sherman v. Hudson R. R. Co., 64 N. Y. 254; Katz v. Cleveland, C., C. & I. L. Ry. Co., 46 Misc. Rep. 259, 91 N. Y. Supp. 720. The damages which the plaintiff sustained in this case were the result, not only of the delay, but of the peculiar relations and contract which existed between the shipper and consignee, and the carrier cannot be held for these damages, unless it is shown that these circumstances were known to the carrier, or that they were fairly within the contemplation of the shipper and the carrier when the contract for transportation was made.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (concurring). "The presumption of law is that the consignee is the owner of the goods in the absence of any evidence on the subject, and is the proper party to sue, for their injury or loss." Krulder v. Ellison, 47 N. Y. 36, 37, 7 Am. Rep. 402. The evidence herein does not disclose right on the part of the plaintiff to maintain this action for loss through delay in delivery of goods consigned to another.

The judgment should therefore be reversed, and the cause tried again.