be reduced by the sum of $38.50, and, as thus modified, affirmed without costs of this appeal to either party.

Judgment modified by being reduced by the sum of $38.50, and, as thus modified, affirmed, without costs of this appeal to either party. All concur.

---

(61 Misc. Rep. 62.)

## BARNEY v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Term.   November 30, 1908.)

1. CARRIERS (§ 277*) — CARRIAGE OF PASSENGERS — BREACH OF CONTRACT—ACTIONS—DAMAGES.

A passenger may recover the damages naturally and ordinarily following as a proximate result of a carrier's breach of contract of carriage, but not special damages sustained because of peculiar circumstances not within the contemplation of the parties when the contract was made; and hence, where plaintiff could not reach his destination the same day by a train as specified by the carrier's agent, and was compelled to finish his journey on a train over another road, which got him there about an hour later than the time stated by the agent, he could not recover for loss sustained because of his failure to arrive in time to close a contract, and for other special damages, where it did not appear that the carrier knew, when contracting, that plaintiff contemplated making the contract, nor of the peculiar circumstances whereby the special damages were sustained.

[Ed. Note.—For other cases, Carriers, Cent. Dig. § 1082; Dec. Dig. § 277.*]

2. CARRIERS (§ 277*) — CARRIAGE OF PASSENGERS — BREACH OF CONTRACT—ACTIONS—DAMAGES.

Plaintiff, not being entitled to special damages, was entitled only to the sum paid for transportation over the second road.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1082; Dec. Dig. § 277.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Marshall A. Barney against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Douglas Swift, for appellant.
John McLaren, for respondent.

SEABURY, J. The facts in this case are undisputed, and the only question presented upon this appeal relates to the rule of damages applicable to them. On Sunday, March 17, 1907, at the defendant's ticket office, the plaintiff purchased a ticket to Rochester, via the Delaware, Lackawanna & Western Railroad to Mt. Morris, N. Y., and via the Pennsylvania from Mt. Morris to Rochester. The plaintiff boarded the train and had traveled beyond Binghamton, N. Y., when he was told by the conductor that he would not get to Rochester that day on that train, but that he could do so by leaving the train at Bath,

---

N. Y., and taking a train over the Erie. The plaintiff left the train at Bath, N. Y., took the train over the Erie, and arrived at Rochester, and testified that he was "three-quarters of an hour to an hour later than the train I had been informed I would arrive there by the ticket agent of the Delaware, Lackawanna & Western Railroad Company." The plaintiff sued to recover the damages which he claimed he sustained by the delay. These damages he estimated in his bill of particulars to amount to $497. The items of this claim are made up as follows:

Pullman seat, railroad fare, and total expenses........................ $ 47
Loss of one day's time............................................... 50
Loss sustained by reason of inability to reach Rochester in time to close
  a contract wherein he would have realized a profit of at least........ 400

    Total  ......................................................... $497

The plaintiff, over the objection of the defendant, was permitted to introduce evidence in support of the elements of damage set forth above. The court below awarded judgment for the plaintiff for $97, and $12 costs. Evidence was presented to prove that the cost of transportation over the Erie from Bath to Rochester was $1.80.

The plaintiff was entitled to recover the damages which naturally and ordinarily follow as a proximate result of the breach of contract. He is not entitled to recover for special damages he may have sustained by reason of the existence of peculiar circumstances, unless he can show that such peculiar circumstances were within the contemplation of the parties to the contract of transportation at the time that it was made. There is no evidence in the record to show that the defendant had any knowledge as to the contract which the plaintiff contemplated entering into at Rochester, or as to the alleged peculiar circumstances by reason of which the special damages were sustained. Miller v. King, 166 N. Y. 394, 59 N. E. 1114; Miller v. Baltimore & Ohio R. R. Co., 89 App. Div. 457, 85 N. Y. Supp. 883, Rose v. King, 76 App. Div. 308, 78 N. Y. Supp. 419; Stewart v. Baltimore & Ohio R. R. Co. (Sup.) 88 N. Y. Supp. 377; Katz v. Cleveland, C., C. & St. L. R. R. Co., 46 Misc. Rep. 259, 91 N. Y. Supp. 720. It follows, from these authorities, that upon the evidence presented in this case the plaintiff was only entitled to recover the sum of $1.80, the cost of transportation from Bath to Rochester.

The judgment is modified, by reducing it to $1.80, and, as modified, affirmed, with costs to the appellant. All concur.