PALMER v. LOUISVILLE & N. R. CO.

(Supreme Court, Appellate Term.   May 24, 1910.)

CARRIERS (§ 408*)—TRANSPORTATION OF BAGGAGE—DELAY—RECOVERY OF EXPENSES.

A passenger's trunk was not immediately delivered to him on his arrival at his destination, and for the purpose of finding it he went to the terminus of the road, incurring traveling expenses and hotel bills in his search for it. *Held* that, in an action for damages, it was error to allow a recovery for his traveling expenses and for an amount which he would have earned while he was searching for his trunk, had the trunk not been delayed, as those damages were not such as would naturally and ordinarily follow from a delay in delivering the trunk, and they were not shown to have been in the contemplation of the parties to the contract of transportation at the time it was made.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1568; Dec. Dig. § 408.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Robert G. Palmer against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued before SEABURY, GUY, and BIJUR, JJ.

Strong & Cadwalader (Arthur P. McKistry, of counsel), for appellant.

Ferriss, Rosser & Storck, for respondent.

SEABURY, J.   This is an action to recover damages for the alleged breach of a contract for the transportation of a trunk. The plaintiff was a commercial traveler, and delivered on September 3, 1907, a trunk

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

containing samples to the defendant, to be transported from Lexington, Ky., to Frankfort, Ky. The plaintiff was a passenger on the train by which his trunk was supposed to be transported. On arriving at Frankfort the trunk was not immediately delivered, and for the purpose of finding the missing trunk the plaintiff went to Louisville, the terminus of the road. On September 4, 1907, the trunk was delivered to the plaintiff.

The plaintiff has recovered judgment, which awards him $14.51 for alleged expenses, including car fare, traveling charges, and hotel bills while he was searching for his trunk, and $30 for earnings which he claims to have lost during this time. Both of these items were improperly allowed. The damages awarded in this case were not such as would naturally and ordinarily follow from a delay in delivering the trunk, nor were they shown to have been within the contemplation of the parties to the contract of transportation at the time that it was made. Barney v. Delaware, Lackawanna & Western Railroad Co., 61 Misc. Rep. 62, 113 N. Y. Supp. 138; Katz v. Cleveland, Cincinnati, Chicago & St. Louis Railroad Co., 46 Misc. Rep. 259, 91 N. Y. Supp. 720; Brown v. Weir, 95 App. Div. 78, 88 N. Y. Supp. 479.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.