### GOODFIELD et al. v. PLATT.

(Supreme Court, Appellate Term. June 29, 1911.)

1. CARRIERS (§ 105*)—DELAY IN DELIVERY—SPECIAL DAMAGES.

The shippers of part of a machine by express cannot recover, as special damages for delay in delivery, the loss of profits on contracts for goods to have been made on the machine, in the absence of an express contract giving notice to the carriers of the necessity for immediate delivery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–458; Dec. Dig. § 105.*]

2. ESTOPPEL (§ 67*)—EQUITABLE ESTOPPEL—GROUNDS.

Where a party has by stipulation introduced a written contract as part of his case, and relied on it to support a recovery, he cannot thus claim the benefit of the contract and at the same time repudiate a part of it.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 163, 164; Dec. Dig. § 67.*]

3. CARRIERS (§ 158*)—EXPRESS—LIMITATION OF LIABILITY.

A limitation of an express carrier's liability to $50, contained in a contract for carriage, controls, where no other value is given.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 708, 709; Dec. Dig. § 158.*]

Appeal from City Court of New York, Trial Term.

Action by Charles H. Goodfield and another against Edward T. Platt, as Treasurer of the United States Express Company. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

O'Brien, Boardman, Platt & Littleton (Branch P. Kerfoot, of counsel), for appellant.

Martin Gollubier, for respondents.

BIJUR, J. Plaintiffs shipped a mandrel of greater value than $50 by defendant express company. A stipulation in the case reads:

"On the 11th day of November, 1907, pursuant to the terms of an agreement in writing, then and there entered into by and between the respective parties to this action, a certain mandrel was delivered to the defendant. * * *"

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The mandrel was addressed to a destination in New Jersey, but was not delivered till over a month later. Plaintiff was allowed to prove loss of profits upon contracts for goods which were to have been made upon a machine of which the mandrel was an essential part, amounting to over $1,000. The agreement mentioned in the stipulation was the customary express company receipt, with the $50 limitation of liability.

[1] In the absence of an express contract giving the defendant notice of the necessity of immediate delivery, the special and prospective damages allowed in this case cannot stand, as they were not contemplated by the parties. Witherbee v. Meyer, 155 N. Y. 446, 50 N. E. 58; Katz v. Cleveland, 46 Misc. Rep. 260, 91 N. Y. Supp. 720; Brown v. Weir, 95 App. Div. 78, 88 N. Y. Supp. 479.

[2] As the plaintiffs by the stipulation specified the contract under which the mandrel was sent, they are bound by its terms. Jonasson v. Weir, 130 App. Div. 528, 115 N. Y. Supp. 6.

[3] The $50 limitation of liability in the contract is, no doubt, also controlling, as no other value was given. Noonan v. Wells Fargo, 68 Misc. Rep. 322, 123 N. Y. Supp. 903; Greenwald v. Barrett, 199 N. Y. 170, 92 N. E. 218; Gardiner v. N. Y. C. & H. R. R., 201 N. Y. 387, 94 N. E. 876. I do not find anything in the case of Robinson v. N. Y. C. & H. R. R., 129 N. Y. Supp. 916, in the Appellate Division, First Department, to affect this conclusion.

Regardless of other considerations which appear in the case, the points above alluded to compel a reversal, and a new trial, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.