(88 Misc. Rep. 35)

### BRIDGE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term, First Department. December 7, 1914.)

1. CARRIERS (§ 408*)—DELAY IN DELIVERY OF BAGGAGE—MEASURE OF DAMAGES.

    A passenger, obliged to purchase clothing because of the carrier's delay in delivering her trunk, containing clothing, may recover the difference between the cost of the purchase and the value thereof to her at the time of the delivery of the trunk, with necessary expenses incurred in making the purchase and the cost of her reasonable efforts to trace the trunk.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. § 408.*]

2. CARRIERS (§ 405*)—DELAY IN DELIVERY OF BAGGAGE—LIMITATION OF LIABILITY.

    Where no inquiry was made by the carrier's agent as to the value of the contents of a passenger's trunk at the time of its delivery for transportation, a limitation of damage to $150 contained in the published rates did not limit the damages sustained by the passenger by a delay in the delivery of the trunk, containing clothing worth about $900.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1544–1549; Dec. Dig. § 405.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Helen D. Bridge against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, both parties appeal. Reversed, and new trial granted.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Murray, Prentice & Howland, of New York City, for plaintiff.
Alex. S. Lyman, of New York City, for defendant.

BIJUR, J. Plaintiff sues for damages caused by a long delay in the recovery of a trunk filled with her clothing, which defendant misdelivered. Plaintiff claimed to be entitled to three items of damages: $26.07, expense of attempting to trace the trunk; $85.07, clothing purchased to replace part of that lost; and $40.43, expenses of the trip on which such purchases were made. The clothing, the delivery of which was delayed, seems to have been of the value of about $900. The learned judge below awarded plaintiff $85.07.

[1] The defendant claims that the measure of damages is the value of the use of the clothing during the period of delay. This is quite correct. Under the circumstances of the case, the difference between the cost of plaintiff's intermediate purchases and their value to her at the time of the delivery of the missing trunk is the reasonable measure of this damage. See Cardozo v. Bloomingdale, 79 Misc. Rep. 605, 140 N. Y. Supp. 377. It is, if anything, more favorable to the defendant than the precise rule to which it appeals. I also regard as a proper element of the cost of the articles purchased her expenses necessarily incurred in making the purchases. She is also entitled to recover the cost of her reasonable efforts to trace the lost property.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is nothing in Brown v. Weir, 95 App. Div. 78, 88 N. J. Supp. 479, or Katz v. C., C., C. & St. L. Ry. Co., 46 Misc. Rep. 259, 91 N. Y. Supp. 720, which is relevant to the present controversy; nor does the decision in Palmer v. L. & N. R. R. Co. (Sup.) 123 N. Y. Supp. 47, hold anything contrary to this view.

[2] Defendant's claim that the limitation to $150 damage, contained in its published rates, applies, is answered by the case of Robinson v. N. Y. Central R. R. Co., 145 App. Div. 391, 129 N. Y. Supp. 1030, in view of the fact that no inquiry was made by defendant's agent as to the value of the contents of the trunk at the time it was delivered for transportation.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.