· LEHMAN, J. The plaintiff has recovered a judgment for damages to merchandise in the window of his place of business by an automobile truck owned by the defendant. The complaint sets forth:

"That at the time and place aforesaid the said auto truck vehicle was negligently and carelessly left unguarded and unprotected by the said servant of the defendant, and the same was suddenly started with great speed and violence; that it was caused to run on the sidewalk on the opposite side of the street against the window of plaintiff's store."

It is to be noted that the complaint does not set forth that a servant of the defendant negligently started the machine, but, on the contrary, sets forth that the negligence of the defendant consisted in leaving the vehicle "unguarded and unprotected." At the trial it appeared undisputed that the automobile stopped in front of the plaintiff's place of business. A helper left the truck to deliver some goods. While the helper was delivering the goods, the chauffeur left his seat and busied himself in the rear of the car with the goods in the car. From that position he could not see the driver's seat. While doing this work he felt the car start. He then jumped off the truck, ran to the front, and jumped on again, and backed the truck out. At that time two little boys were on the driver's seat. It appears that these boys were playing on the street, and had jumped on the truck and started it by pulling the controller and the brake.

I cannot find that the plaintiff has either pleaded or proven any cause of action. The automobile was started by the willful act of the boys, and concededly the defendant is not responsible for their act. The only negligence which the plaintiff has attempted to plead or prove is negligence in leaving the automobile in a situation where the boys could reach the lever without being seen or stopped. Such an act does not constitute negligence. The defendant was not bound to provide against the act of willful wrongdoers, even though the wrongdoers were small boys. Exactly similar situations existed in the cases of Berman v. Schultz, 40 Misc. Rep. 212, 81 N. Y. Supp. 647, Vincent v. Crandall Godley Company, 131 App. Div. 200, 115 N. Y. Supp. 600, and Keber v. Central Brewing Company (Sup.) 150 N. Y. Supp. 986, and in all those cases it was held that there was no negligence on the part of the chauffeur.

Judgment should be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.

---

### LICHTERMAN v. BARRETT.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. CARRIERS ⊜⟿103—DELAY IN DELIVERY—ACTIONS—ISSUES.

Where a complaint for damages for delay in the delivery of a trunk alleged that plaintiff by reason of the delay was deprived of the use of the trunk, but did not allege any injury to the contents, evidence as to the physical deterioration of the contents because of the delay is inadmissible, as not within the pleadings.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 436–438; Dec. Dig. ⊜⟿103.]

⊜⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CARRIERS ☞104—DELAY IN DELIVERY—SUFFICIENCY OF EVIDENCE—DAMAGES.

In an action for damages for delay in the delivery of a trunk, evidence as to the cost of clothing purchased to wear in the meantime, without evidence as to the value of such clothing at the time of the delivery of the trunk, is not a sufficient basis for a verdict, since the measure of damages is the difference between the cost of such clothing and its value at the time the trunk was delivered.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 439–447, 459–461; Dec. Dig. ☞104.]

3. CARRIERS ☞104—DELAY IN DELIVERY—BURDEN OF PROOF—DAMAGES.

In such a case the burden is on the plaintiff to show the value of the clothing at the time of delivery, not on the defendant to show such fact by way of mitigation of damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 439–447, 459–461; Dec. Dig. ☞104.]

4. CARRIERS ☞105(1)—DELAY IN DELIVERY—DAMAGES—EXPENSES.

In an action for damages for delay in the delivery of a trunk, there can be no recovery for expenses incurred in tracing the trunk, without evidence from which it can be inferred that such expenses were reasonable or necessary.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451, 454–457; Dec. Dig. ☞105(1).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Belle Lichterman against William M. Barrett, as President of the Adams Express Company, an unincorporated joint-stock association. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Edward V. Conwell and George W. Smyth, both of New York City, for appellant.

Julius M. Lowenstein, of New York City (David R. Bernstein, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for the sum of $50 for damages caused by delay on the part of the defendant in delivering a trunk. The defendant does not deny liability, but claims that the evidence as to damages does not support a judgment for $50.

[1] The complaint sets forth that "by reason of said delay the plaintiff was deprived of the use of the contents of said trunk," and it contains no allegation of physical injury to the contents of the trunk. The evidence admitted as to physical deterioration in the contents was not within the pleadings, and upon the defendant's objection should have been excluded.

[2] If we now disregard this testimony, the remaining testimony presents no sufficient basis for the judgment. The plaintiff showed that she spent moneys for clothing, and also moneys in attempting to trace the trunk. In the case of Bridge v. N. Y. Central & Hudson

River Railroad Company, 88 Misc. Rep. 35, 150 N. Y. Supp. 146, this court stated:

"The defendant claims that the measure of damages is the value of the use of the clothing during the period of delay. * * * Under the circumstances of the case, the difference between the cost of plaintiff's intermediate purchases and their value to her at the time of the delivery of the missing trunk is the reasonable measure of this damage."

In the present case the evidence shows only the cost of such purchases; but there is absolutely no evidence to show the value of these purchases to the plaintiff when the trunk was delivered.

[3] The plaintiff claims that the defendant should have given such evidence in mitigation of damages; but that is, of course, not the rule. The plaintiff, as part of her case, must prove her damages, and she has not met the burden which the law puts upon her until she furnishes all the elements from which an inference can be drawn as to the amount of the damages.

[4] In the same case in this court the opinion also added:

"I also regard as a proper element of the cost of the articles purchased her expenses necessarily incurred in making the purchases. She is also entitled to recover the cost of her reasonable efforts to trace the lost property."

In the case at bar the plaintiff has also attempted to prove these elements of damage. The testimony, however, is extremely vague as to the amount of such expenditures, and there is no evidence from which we can infer that the amount expended was reasonable or necessary.

The judgment should therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.

---

### BAIS v. NASH.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. JUDGMENT ⬥167—DEFAULT—OPENING—CONDITIONS.
    Where the default of defendant was taken after presentation of an affidavit showing actual engagement of his counsel in federal courts, terms should not be imposed as a condition to opening the default.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. ⬥167.]

2. APPEAL AND ERROR ⬥1075—WAIVER OF ERRORS—CONSENT.
    Where terms were improperly imposed as condition to the opening of defendant's default, the appellate court will, where defendant in his brief expressed his willingness to accede to some of the terms, allow them to stand.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4253; Dec. Dig. ⬥1075.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by George Bais against Jonathan Nash. From an order granting defendant's motion to open his default, on condition that he

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes