DORAN RIVES, Respondent, v. AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

First Department, November 29, 1929.

*Fulmer Long* of counsel [*Charles C. Evans*, attorney], for the appellant.

*Saul Hammer* of counsel [*Julius Kendler*, attorney], for the respondent.

O'MALLEY, J.   The plaintiff, a vaudeville artist, seeks damages for defendant's failure to promptly forward certain trunks containing his theatrical equipment.   The question presented is whether he is entitled to recover the sum of $285 which he asserts he would have earned in a subsequent engagement had his trunks arrived at destination in due time.

Plaintiff completed an engagement at Waltham, Mass., on the evening of August 4, 1928.   At about noon of that day he went to the defendant's local office and told the man in charge that he was *concluding* his performance.   He was told that his trunks would be picked up the first thing Monday morning, August sixth. The plaintiff several times admitted that this was all the conversation he had with the person in defendant's office.

The trunks did not arrive in New York city until August ninth, which is concededly more than a reasonable time required for forwarding from Waltham.   Because of this delay the plaintiff lost an engagement in Buffalo, N. Y., which was to commence on August ninth, and the contract for which engagement provided for a morning rehearsal.   In consequence the plaintiff suffered cancellation of this engagement for which he was to receive the sum of $285 net.   In addition, he was compelled to pay the sum of $1 for telegrams sent at defendant's suggestion in an endeavor to locate the trunks.

In the circumstances disclosed, we are of opinion that the plaintiff may not recover the sum lost for the canceled engagement.   It is well settled that " damages for breach of contract are only those which are incidental to, and directly caused by, the breach, and may reasonably be presumed to have entered into the contemplation of the parties; and not speculative profits, or accidental or consequential losses."   (*Brown* v. *Weir*, 95 App. Div. 78.)   The loss of this engagement was not within the contemplation of the parties at the time the contract was entered into, nor do the circumstances lead to such presumption.   Plaintiff's written contract for the Buffalo engagement is dated August seventh, and the record is barren of any evidence that the contract was even in an inchoate state on August fourth.   Moreover, there is no evidence that plaintiff communicated in any way to the defendant the fact that any such engagement was in being when the contract of carriage was made, or that such engagement was contemplated.   In failure of such proof a recovery may not be had for the loss of this future engagement.   As was stated in *Brown* v. *Weir* (*supra*, p. 81): " Whenever special or extraordinary damages, such as would not naturally or ordinarily follow a breach, have been awarded for the non-performance of contracts, whether for the sale or carriage of

goods, or for the delivery of messages by telegraph, it has been for the reason that the contracts have been made with reference to the peculiar circumstances known to both, and the particular loss had been in the contemplation of both at the time of making the contract, as a contingency which might follow the non-performance."

To the same effect is *Chapman* v. *Fargo* (223 N. Y. 32), where it was said (pp. 36, 37): " But before defendant could be held to special damages * * * it must have appeared that he had notice at the time of delivery to him of the particular circumstances attending the shipment and which probably would lead to such special loss if he defaulted. Or, as the rule has been stated in another form, in order to impose on the defaulting party a further liability than for damages naturally and directly, *i. e.*, in the ordinary course of things, arising from a breach of contract, such unusual or extraordinary damages must have been brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting. Generally, notice then of any special circumstances which will show that the damages to be anticipated from a breach would be enhanced has been held sufficient for this effect.

" In this case it was not a sufficient basis for recovery for loss of special profits that the carrier should know of the general purposes for which the films were to be used. He should have been notified of the particular circumstances and purpose already recited making important their delivery by a certain day and which have been made the foundation of the special damages which have been allowed. In effect he should have been made aware that plaintiff had made certain plans based upon the arrival * * * at a certain time, and that in case of non-arrival these plans would be destroyed in all probability causing certain damages."

It follows, therefore, that the determination appealed from and the judgment of the Municipal Court should be modified in accordance with the view expressed herein, and as thus modified affirmed, without costs in all courts.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Determination appealed from and judgment of the Municipal Court modified by providing that the judgment as entered be reduced to the sum of one dollar, and as thus modified affirmed, without costs in all courts.