JULIUS WINKLER, Doing Business as South America Import Company, Plaintiff, *v.* COMPANIA SUD AMERICANA DE VAPORES, Defendant.

City Court of New York, Special Term, New York County, February 19, 1943.

*Kirlin, Campbell, Hickox, Keating & McGrann* for defendant.

*Andrew Reiner* for plaintiff.

McCULLEN, J. Defendant's motion for partial judgment is granted as follows: The claim made by plaintiff for special damage in the sum of $450 (expenses incurred by his agent as a result of spending forty-five additional days in Panama at $10 per day) and in the sum of $190 (additional transportation expenses of plaintiff's agent by airplane on his return to New York), aggregating $640, is dismissed and eliminated from the case. It is clear that such special damage was not within the contemplation of the contracting parties, was not within the contract of carriage or shipment, and nothing contained in plaintiff's bill of particulars indicates that it was, or that defendant was put on notice of any special circumstances calling for such special or far-fetched damages. And it is only fair to say that this claim of extraordinary damage is very much more far-fetched than the claims disposed of in *Chapman* v. *Fargo* (223 N. Y. 32) and in *Rives* v. *American Railway Express Co.* (227 App. Div. 375). It seems clear to me that not by the furthest stretch of the imagination may plaintiff prove the two aforesaid items totaling said amount of $640 and his claim should be reduced accordingly at this time. I cannot say from the proof submitted on this motion whether or not the item of $7.50 for customs house declaration is a proper item. In relation to the two items which have been eliminated it is noted that inasmuch as plaintiff is shown by his own bill of particulars, as above pointed out, not to be entitled to recover those items, the motion may be considered to have been properly made, whether treated as a motion under rule 112 or under rule 114 of the Rules of Civil Practice.

(On reargument, March 26, 1943.)

MOTION for reargument is granted. Upon reargument the original determination is adhered to.

The alleged failure to deliver constitutes a breach of the contract of carriage. It is immaterial whether there was also a conversion here, although the papers submitted upon the original motion indicate very clearly that there was no conversion. This is conceded by plaintiff, who has taken it upon himself to explain, in his opposing affidavit on the original motion, exactly what happened to the missing boxes. He says "Then on or about May 1, 1942, the four missing boxes arrived on the boat returning from Chile." It seems apparent to me that plaintiff has no cause of action for conversion, but I consider it unimportant to decide at this time whether plaintiff should be limited to an action for breach of the contract of carriage. Assuming *arguendo* that there was a conversion, it was of an extremely technical nature only and the measure of damages is the same. If plaintiff's alleged cause of action is contractual plaintiff may not recover damages not within the contemplation of the parties when the contract was made. It is clear that the special damages which plaintiff claims were not contemplated when the contract of carriage was made; these damages do not flow naturally from a breach of the contract. Neither are these damages the proximate or natural result of a conversion of the merchandise, and a change in the form of the action from contract to conversion does not give plaintiff the right to recover these extremely far-fetched damages. What was said by LEARNED HAND, J., in *Mitsubishi* v. *Davis* (291 F. 882, 885) is applicable here: "It is true that this action is in conversion, and the plaintiff supposes that the rule is different in such cases. *France* v. *Gaudet* (*supra*) bears him out, though it is not applicable to the facts at bar for reasons already given. It seems to me, however, quite impossible on principle to sustain a different rule of damages in the two cases. The underlying consideration in each is the reasonable consequences of the wrong done, and if the failure to deliver under a contract of sale is to be paid for by the value of the goods, there is no reason to adopt another rule for conversion. A mistaken delivery by a carrier is not a moral delinquency and should not in principle be visited with greater penalty than the refusal of a seller to perform. Special damages should be recovered only in case he has the same notice at the outset which would fix him with loss if he delivered too late, or were sued in contract for nondelivery. The mere change in the form of action can in

reason have no effect upon the loss of the plaintiff or the defendant's liability.''

The present case is a much stronger one for the elimination of special damage than the *Mitsubishi* case, where the claim was by no means as extreme as that made by plaintiff in the case in hand. The *Mitsubishi* case was affirmed (291 F 57), and the rule of damages in an action for conversion was indicated by MAYER, J., writing for the Circuit Court. None of the cases cited in support of the application for reargument, all of which I have examined, bears out plaintiff's contentions; they are not in point.

That defendant is entitled to a dismissal of the claim for special damage is clear, without resort to the affidavits submitted on the original motion, from the pleadings alone for plaintiff's bill of particulars constitutes a part of the pleadings.

I think that the admissions contained in that bill of particulars entitle defendant to judgment on the pleadings under rule 112 of the Rules of Civil Practice insofar as the claim of special damage is concerned; but I think also that those admissions or concessions should be given the weight of documentary proof, upon which the defendant in an action of any kind, including an action of conversion, may move for summary judgment under rules 113 and 114 of the Rules of Civil Practice.