Samuel Jacobs, J.
Plaintiffs’ complaint is based upon an oral agreement, seeking recovery of a sum allegedly due for work, labor, and services, and materials furnished. Defendants move for summary judgment under rule 113 of the Rules of Civil Practice, basing said motion upon the fact that plaintiffs are barred by subdivision 1 of section 33-c of the Personal Property Law and by section 282 of the Real Property Law, by reason of a written contract, which had been entered into between the parties, calling for the completion of a house. In addition to their general denial, defendants counterclaim for $2,000, alleging that the work performed was unsatisfactory.
There is no question that a written agreement had been entered into between the parties, containing the provision that: “No change or alteration in the work hereinunder shall be made except on the written order of the Owner and the parties hereto shall agree in writing upon the amount to be paid therefor ’ ’.
The sections relied upon by defendants, as afore-stated, are substantially alike. Subdivision 1 of section 282 of the Real Property Law recites: “A written agreement or other instru *678 meat which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent.” Plaintiffs contend that the oral agreement is not executory; thus, these sections do not apply.
It is undisputed that plaintiffs have performed their work, in accordance with the alleged oral agreement and have completed such work. It is upon this basis that plaintiffs claim this agreement ‘ ‘ Executed ’ ’ rather than ‘ Executory. ’ ’ On the other hand, defendants argue that their failure to pay for such work brings it into the ‘ Executory ’ ’ category. ‘ ‘ To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (Di Menna & Sons v. City of New York, 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (Braun v. Carey, 280 App. Div. 1019), or where the issue is ‘ arguable ’ (Barrett v. Jacobs, 255 N. Y. 520, 522); ‘ issue-finding, rather than issue-determination, is the key to the procedure ’ (Esteve v. Avad, 271 App. Div. 725, 727).” (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404.)
The burden of proving that a triable issue does not exist is upon the moving party. (Tidewater Oil Sales Corp. v. Pierce, 213 App. Div. 796.) That burden has not been sustained here.
It is the opinion of this court that whether the oral agreement in question is executory or executed is determinable after trial. The fact that defendants have failed to pay for the work performed, in and of itself, does not make the agreement executory. (Dyer v. Broadway Cent. Bank, 130 Misc. 842.) If plaintiffs (as they allege) have acted in good faith in completing all work on their part to be performed, pursuant to the oral agreement, it is difficult to conceive that defendants’ failure to pay for such work should change the character of the agreement from ‘ ‘ Executed ” to “ Executory. ’ ’ More than mere failure to pay must be shown. If it were otherwise, the very purpose of the statute would be defeated, and might well become an instrument for fraud. Such was never the legislative intent.
If the work performed was within the contemplation of the written agreement for completion of the house, defendants will have ample opportunity to prove that and to disprove plaintiffs ’ contention. Obviously, however, an issue for trial is presented.
The parties hereto entered into a written contract. In proper manner, they could change it, or, as was stated in Beatty v. Guggenheim Exploration Co. (225 N. Y. 380, 387): “ Those who make a contract, may unmake it
*679 A trial may develop, also — among other things — whether there was a waiver by defendants of the contract provision in question. Plaintiffs’ affidavit implies such to be the fact; opportunity should be afforded them to prove it.
“ It is fundamental that either party to a contract is at liberty to waive any of its provisions which are made for his benefit.” (Knight v. Kitchin, 237 App. Div. 506, 512.)
“ Parties to an agreement although it be in writing may waive its terms by parol and if performed as so modified it becomes executed and is binding upon the parties. ’ ’ (Federman v. Federman, 64 N. Y. S. 2d 16,18.)
Again, as was stated by the Appellate Division, Third Department: “ That a written contract may thus be effectively modified, even when it contains a stipulation against oral modification, has long been established.” (Alcon v. Kinton Realty, 2 A D 2d 454, 456.)
For the purpose of this case, we may aptly quote further from the Alcon case (supra, p. 456): “ Plaintiff is not aided by section 282 of the Real Property Law which inhibits only executory oral agreements designed to modify written agreements which contain stipulations against oral changes. ’ ’
It is not the province of this court, upon this motion, to try issues of fact; it is, rather, to determine if such issues exist. (Dwan v. Massarene, 199 App. Div. 872.) From the papers submitted, a triable issue is indicated.
As an alternative, defendants seek a partial summary judgment, dismissing that much of the complaint (supported by the bill of particulars), which relates to an item of $500, “As agreed upon between Mr. Weiss, lawyer, and contractors.” Although it is recognized that a bill of particulars may be given its proper weight as documentary proof in a motion for summary judgment (Winkler v. Companie Sud Americana De Vapores, 180 Misc. 181), the court cannot now hold that this item of $500, unless clarified, does not, in itself, present a triable issue. Despite the fact that such item may be considered incomplete and insufficient for purposes of a bill of particulars, it is not within the court’s authority to act thereupon, in this motion. Other remedies, however, are available to defendants. (Poole v. Ebner Realty Corp., 48 N. Y. S. 2d 818; Sammons v. Mahern, 207 Misc. 781.)
For the foregoing reasons, it is the considered opinion of this court that defendants’ motion should be, and hereby is, denied, without costs. This case may be placed upon the Trial Calendar, by stipulation, or motion for further disposition, in accordance with the Rules of City Court.